# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
February 10, 2004 Session
Heard at University of Tennessee at Martin[1]

## STATE OF TENNESSEE v. TAMMY BOYD, TOSHA LOVELL, SANDRA CULPS AND KENNETH CULPS

**Interlocutory Appeal from the Circuit Court for Madison County**
**No. 02-829 & 03-126     Roger Page, Judge**

---

**No. W2003-02444-CCA-R9-CD  - Filed March 17, 2004**

---

In this Rule 9 interlocutory appeal, the State appeals the circuit court's ruling that the defendants are entitled to the underlying search warrant affidavit at the general sessions level. We conclude that the defendants are entitled to the affidavit at the preliminary hearing in order to effectively challenge probable cause. The judgments of the circuit court are affirmed.

**Tenn. R. App. P. 9; Judgments of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOE G. RILEY and ROBERT W. WEDEMEYER, JJ., joined.

Paul G. Summers, Attorney General and Reporter; Kathy D. Aslinger, Assistant Attorney General; James G. Woodall, District Attorney General; and Jason C. White, Assistant District Attorney General, for the appellant, State of Tennessee.

Nathan B. Pride, Jackson, Tennessee, for the appellee, Tammy Boyd.

Joe H. Byrd, Jr., Jackson, Tennessee, for the appellees, Tosha Lovell and Kenneth Culps.

Matthew M. Maddox, Huntingdon, Tennessee, for the appellee, Sandra Culps.

## OPINION

This is an interlocutory appeal by the State, pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure. The cases now before this Court were consolidated at the circuit court level, and the issue before this Court was presented at a consolidated hearing. The four defendants in this

---

[1] This case was heard on the campus of the University of Tennessee at Martin as a special project of the Tennessee Court of Criminal Appeals in furtherance of the educational process of students and faculty.

case are Tammy Boyd, Tosha Lovell, Sandra Culps, and Kenneth Culps. Boyd was charged with possession of marijuana with the intent to sell. Lovell was charged with possession of marijuana with intent to sell and possession of Darvocet with intent to sell. Sandra Culps and Kenneth Culps were both charged with possession of marijuana with intent to sell, possession of crack cocaine with intent to sell, and possession of drug paraphernalia. In each case, the charges stemmed from the execution of a search warrant. The defendants subsequently filed motions in the general sessions court in Madison County seeking production of the affidavits upon which the search warrants were issued, alleging that they have a due process right to those affidavits at the general sessions court level. The general sessions court entered orders finding that the defendants do not have a right to receive the affidavits but that they may seek the affidavits from the issuing magistrate under the Public Records Act.

The State appealed those orders to the Madison County Circuit Court, and the cases were consolidated. In circuit court, all parties agreed that the Public Records Act was not applicable, and the only issue before the court was whether due process requires the production of the affidavits. The trial court ruled that due process requires disclosure of the search warrant affidavits at the general sessions level. Additionally, the circuit court held that the right to disclosure may be abrogated when the State has a compelling interest not to disclose the information contained within an affidavit. The State appeals the circuit court's ruling that due process requires disclosure of the search warrant affidavits at the general sessions court level.

**Analysis**

The defendants assert that a denial of access to the affidavit underlying the search warrant at the preliminary hearing is a violation of their due process right to challenge the validity of a search and seizure. The State contends that the defendants' due process rights are satisfied when the rules of discovery are followed. Therefore, there is no need to disclose the contents of the underlying affidavit at the preliminary hearing stage because the rules of discovery are not applicable at that stage of the proceedings. The law in Tennessee is clear that Rule 16 of the Tennessee Rules of Criminal Procedure does not apply in general sessions court. State v. Willoughby, 594 S.W.2d 388, 390 (Tenn. 1980). "[N]o court has ever held that a preliminary hearing is a discovery device." Id. While we agree that the rules of discovery do not require disclosure of the supporting affidavit at the preliminary hearing, we conclude that the defendant is entitled to the affidavit in order to attempt to meet his burden of proof regarding a probable cause challenge.

Tennessee law is clear that while a preliminary hearing is not constitutionally required, it is a critical stage of a criminal prosecution. Moore v. State, 578 S.W.2d 78, 80 (Tenn. 1979); Waugh v. State, 564 S.W.2d 654, 659 (Tenn. 1978). The primary function of a preliminary hearing is to determine whether probable cause exists to believe that the accused committed the offense charged and to fix the amount of bail for bailable offenses. Tenn. R. Crim. P. 5.1; State v. D'Anna, 506 S.W.2d 200, 203 (Tenn. Crim. App. 1973).

In many instances, the underlying affidavit will be attached to the warrant itself and therefore, available to the defendant. See Tenn. R. Crim. P. 41(c), (d). However, there is no statute or rule in Tennessee which requires an affidavit upon which a search warrant is issued to be attached or otherwise kept with the warrant. State v. Smith, 836 S.W.2d 137, 141 (Tenn. Crim. App. 1992). There are mandatory recording and filing requirements for warrants but not for affidavits. Tenn. R. Crim. P. 41(c), (d). In Tennessee, the affidavit is not considered part of the search warrant. Minton v. State, 186 Tenn. 541, 212 S.W.2d 373, 374 (1948).

It is fundamental that motions to suppress illegally seized evidence are appropriate at the preliminary hearing. Tenn. R. Crim. P. 5.1(a) ("Rules excluding evidence from consideration by the magistrate on the ground that it was acquired by unlawful means are applicable."); State v. Golden, 941 S.W.2d 905, 907 (Tenn. Crim. App. 1996). In fact, motions to suppress should be filed in many instances in order to aid in the "screening out of unfounded charges." See Waugh, 564 S.W.2d at 659. During the course of a preliminary hearing, "[t]he presiding judge . . . may not abridge the right of the defendant to have a full, bona fide opportunity to refute probable cause." Willoughby, 594 S.W.2d at 390. When a trial court is reviewing the magistrate's probable cause determination, the court should not rely "upon guess work as to what was considered." State v. Smith, 836 S.W.2d 137, 141 (Tenn. Crim. App. 1992).

In challenges to the legality of a search, the burden of proof may rest with the State or the defendant, depending on whether or not the search was conducted pursuant to a search warrant. In cases where the defendant advocates the suppression of evidence obtained pursuant to a search warrant, the burden is on the accused to prove by a preponderance of the evidence: (1) the existence of a legitimate expectation of privacy in the place or property from which the items sought to be suppressed were seized; (2) the identity of the items sought to be suppressed; and (3) the existence of a constitutional or statutory defect in the search warrant or the search conducted pursuant to the warrant. State v. Evans, 815 S.W.2d 503, 505 (Tenn. 1991); State v. Harmon, 775 S.W.2d 583, 585-86 (Tenn. 1989). In contrast, if suppression of evidence obtained pursuant to a warrantless search is sought, the burden is upon the State to prove that the search and seizure was conducted pursuant to one of the exceptions to the warrant requirement. Id. With respect to challenges regarding a magistrate's finding of probable cause based on the affidavit, the supreme court has stated:

> There is, of course, a presumption of validity with respect to the affidavit supporting the search warrant. To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistakes are insufficient.

Evans, 815 S.W.2d at 505 (quoting Franks v. Delaware, 438 U.S. 154, 98 S. Ct. 2674, 2684, 57 L. Ed. 2d 667 (1978)). It seems axiomatic that the defendant must be given access to the underlying

affidavit in order to challenge the validity of a search warrant.  Without access to the underlying affidavit, the defendant's ability to meet his burden of proof in challenging probable cause at the preliminary hearing is effectively nonexistent.

The State asserts that disclosure of the affidavit may compromise an ongoing criminal investigation or endanger the safety of the confidential informant.  However, nothing in the record before us supports this allegation.  In fact, during oral arguments, the State conceded that it did not know if these concerns were present in the instant case.  Furthermore, the affidavit was not introduced in the lower court under seal and is, therefore, not before us for review.

## Conclusion

It was the State that chose to initiate these proceedings in the general sessions court by arrest warrant rather than seeking an indictment directly from the Grand Jury.  If the defendants are bound over, the State concedes they can secure the affidavit after indictment.  We would also assume an indictment would be forthcoming shortly after bind over.  We see no reason to deprive the defendants of the ability to attack the search warrant affidavit if it is faulty.  Otherwise, the defendants may be unable to make bond and would be in custody pending indictment.  Accordingly, we conclude that Tennessee Rule of Criminal Procedure 5.1 requires that the defendants be given a copy of the search warrant affidavit at the general sessions level.  The judgments of the circuit court are affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE