**STATE of Tennessee, Appellant,**

v.

**Royan Maxine EVANS, Appellee.**

Supreme Court of Tennessee,
at Jackson.

July 8, 1991.

Rehearing Denied Sept. 9, 1991.

Charles W. Burson, Atty. Gen. and Reporter, Joel W. Perry, Asst. Atty. Gen., Nashville, for appellant.

Leslie I. Ballin, Ballin & Ballin, P.C., Memphis, for appellee.

Paul J. Morrow, Jr., Co–Chairperson Tennessee Ass'n of Criminal Defense Lawyers, Nashville, John C. Burgin Jr., Kramer, Rayson, Leake, Rodgers & Morgan, Knoxville, for amicus curiae.

## OPINION

O'BRIEN, Justice.

This case comes to us by way of a guilty plea agreement explicitly reserving, with the consent of the State and of the Court, the right to appeal a certified question of law, dispositive of the case. As stated in the order accepting the guilty plea, the specific issue reserved is whether the trial court erred in denying a motion to suppress, based on the claim that the search

warrant had become invalid due to the passage of time between the date when the information was gathered by the affiant and the date the warrant was executed.[1]

Defendant was indicted for unlawful possession of cocaine with intent to sell or deliver. The guilty plea was submitted and accepted on a charge of attempt to commit a felony, with a sentence of two years imposed. The trial court suspended all but 120 days of the sentence and placed the defendant on probation for a period of five (5) years.

The Court of Criminal Appeals held that probable cause must exist at the time of the execution of the search warrant, just as it must at the time of its issuance. The court stated that to mean that a defendant can attack the warrant for staleness at the time of its execution by motion to suppress and the burden is upon the State to prove that the warrant was not stale, or to otherwise justify the delay in execution. They found that because no proof was presented by either side in the trial court it was impossible to determine whether there was continuing probable cause for the almost five (5) day delay between the time of the issuance and the time of the execution of the warrant. This also impeded the determination of whether there was good and valid reason for the delay. They reversed the case and remanded to the trial court for a rehearing on the motion to suppress.

The State appealed the judgment, questioning whether the Court of Criminal Appeals erred in holding that the State had the burden of proof at the suppression hearing to show that probable cause existed at the time of the execution of the search warrant.

In reaching the conclusion that it did, the Court of Criminal Appeals considered a number of decisions from the intermediate federal courts, among them *United States v. Wilson*, 491 F.2d 724 (6th Cir.1974), which had considered the issues before them on the basis of the Federal Rules of Criminal Procedure. While, of course, we may consider such cases for guidance, we are not bound by those decisions. We do not find them applicable to the facts of this case, or to the rules and statutes in this State governing such matters.

Tenn.R.Crim.P. 41 deals with the authority to issue a search warrant, and the various elements included in its issuance and execution. Sec. (c) of the Rule provides in pertinent part that the issuing officer shall endorse upon the search warrant the hour, date, and name of the officer to whom the warrant was delivered for execution. By Sec. (d) it is provided that the warrant must be executed within five (5) days after its date. Sec. (f) contains the provision that a person aggrieved by an unlawful or invalid search or seizure may move the court to suppress any evidence obtained in such unlawful search or seizure.

T.C.A. § 40–6–107 specifically provides that a search warrant shall be executed and returned to the magistrate by whom it was issued within five (5) days after its date, after which time, unless executed, it is void.

Defendant's motion to suppress in the trial court was based on the premise that probable cause was stale at the time of execution of the warrant because it was issued on 9 July 1987 and was not executed until 14 July 1987. It was defendant's theory that the information relative to criminal activity contained in the search warrant could have been received as early as 3 July 1987 and it was not probable to believe that on 14 July 1987 that said activity would be continuing. These facts were argued in the trial court on the hearing of the motion to suppress. As noted by the Court of Criminal Appeals there was no proof presented by either side.

▆▆▆ We agree with the Court of Criminal Appeals that probable cause must exist at the time of the execution of a search warrant just as it must at the time of its issuance. However, we see no reason why a probable cause attack of this nature on a

**1.** The search warrant was issued on 9 July 1987 at 9:04 a.m., and executed on 14 July 1987 at 6:30 a.m.

warrant should be treated any differently than one in which it is averred that probable cause was lacking on application for the warrant. In that regard, in *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 2684, 57 L.Ed.2d 667 (1978), the Court had this to say:

> There is, of course, a presumption of validity with respect to the affidavit supporting the search warrant. To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by *an offer of proof.* They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. *Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained.* Allegations of negligence or innocent mistake are insufficient. The deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any non-governmental informant. *Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required. On the other hand, if the remaining content is insufficient, the defendant is entitled, under the Fourth and Fourteenth Amendments, to his hearing.* Whether he will prevail at that hearing is, of course, another issue. (Emphasis supplied).

■ A suppression hearing is more in the nature of an informal proceeding and the general consensus is that the burden of proof rests upon the party who has the affirmative. *See State v. Harmon*, 775 S.W.2d 583, 585 (Tenn.1989). Tenn. R.Crim.P. 41(f) requires the trial judge to receive evidence on any issue of fact necessary to the decision on a motion to suppress. An evidentiary hearing need not be set as a matter of course, but only if the motion alleges facts that, if proved, would require the grant of relief. Factual allegations that are general and conclusory, or based upon suspicion and conjecture will not suffice. If a search is made under a search warrant, the moving party has the initial burden of establishing that the search was illegal. If the search is without a warrant, the burden is on the State to bring the case within one of the exceptions to the warrant requirement. *See* Wright Federal Practice and Procedure, Criminal 2d, Vol. 3, Search & Seizure, Sec. 675.

We reiterate, there is no reason why any lesser requirement should be demanded on a charge of insufficient probable cause at the time of the execution of a warrant than must be produced at a threshold probable cause inquiry. The challenger's attack must be more than conclusory. The allegations contained in the motion must be accompanied by an offer of proof with a statement of supporting reasons. Affidavits or otherwise reliable statements of witnesses should be furnished which contain the same measure of dignity and reliability required of an affiant to obtain a search warrant. If these minimal requirements are not met to support a finding of lack of probable cause, no hearing is required.

■ In determining the question of staleness at the time of execution of a warrant, courts must consider the evidence on the basis of whether there is a violation of the Fourth Amendment and not simply a violation of the rule or statute.

■ Tenn.R.Crim.P. 41(d) and T.C.A. § 40–6–107 make the requirement that a warrant must be executed within five (5) days after its issuance date, otherwise it is void. The police, in taking and serving a warrant, must have some reasonable latitude in its execution in relation to its issuance date, the reasonableness of which must be explored by the trial judge upon the hearing of an appropriate motion to suppress. We hold that there is a rebuttable presumption that a warrant served within the statutory five (5) day period

retains the probable cause validity attributed to it by the issuing magistrate, subject to a proper evidentiary showing to the contrary. The burden of proof is on the challenger to show, not just that probable cause no longer exists, but that something objective occurred in the interval to reasonably put the police on notice of that fact. Execution of a warrant beyond the outer limits fixed by the statute renders the warrant impermissibly void and, in violation of the Fourth Amendment prohibition against unreasonable searches and seizures.

We have been greatly assisted in the resolution of this matter by the Amicus Curiae brief filed on behalf of the Tennessee Association of Criminal Defense Lawyers.

The judgment of the Court of Criminal Appeals is modified to comport with the rule on the burden of proof in matters of this nature as set forth in this opinion. The case is remanded to the trial court for further proceedings in accordance with this opinion. Costs on this appeal are assessed against the defendant.

REID, C.J., and DROWOTA, DAUGHTREY and ANDERSON, JJ., concur.

### ORDER ON PETITION TO RECONSIDER

PER CURIAM.

The Petition to Reconsider filed by the State has been considered and is denied.