BIRCH, Justice,
concurring.
Although I concur in the results of this case, I am wary of the rule established today allowing an appellate court to consider the entire record, including all evidence submitted at trial, when reviewing a pretrial ruling that a search warrant was validly executed. I write separately in order to emphasize a crucial limitation regarding the reach of this rule: it must not be used by an appellate court to retroactively validate a search warrant with evidence adduced at trial. As the majority explained, when determining whether a judge erred in finding probable cause to support the issuance of a search warrant, courts may consider only the allegations in the affidavit supporting issuance of the warrant. To allow the State an opportunity, on appeal, to bolster probable cause for issuance with evidence not available at the time of issuance would violate the Fourth Amendment right against unreasonable searches and seizures.
I write separately also to express concern about the procedural problems liable to develop when appellate courts are allowed to consider the trial record during review of pretrial suppression rulings. While this rule reflects the majority view, a number of courts have recognized the significant procedural problems arising under it. See, e.g., Trusty v. State, 308 Md. 658, 521 A.2d 749, 755 (1987); People v. Havelka, 45 N.Y.2d 636, 412 N.Y.S.2d 345, 384 N.E.2d 1269, 1272-73 (1978). A dissenting judge has aptly explained the problems that arise whenever a trial court erroneously rules in the State’s favor:
The unfairness of the Court’s approach becomes apparent simply by pointing out that, had the defendant appeared at the suppression hearing before a judge who would have reached the right result, he would now be a free man. Instead, the suppression judge reached the wrong result, giving the State a second chance to convict defendant, a chance the law says should not have happened.
Where does this legal hocus pocus come from? ... The federal cases follow Carroll v. United States, 267 U.S. 132, 162, 45 S.Ct. 280, 288, 69 L.Ed. 543 (1925), which established the rule in the most cursory fashion: “The whole matter [that was the subject of the pretrial motion] was gone into at the trial, so no right of the defendants was infringed.” Once the United States Supreme Court spoke, the issue became “settled law,” and other federal courts have not fully explored the issue, choosing instead to simply recite the Carroll incantation. State courts adopting a Carroll-type rule have done so in similar manner, bereft of analysis, simply concluding without discussion that the rule is “not prejudicial” to defendants. These cases miss the obvious point: defendant should never have been subjected to the curative trial.
State v. Bruno, 157 Vt. 6, 595 A.2d 272, 277 (1991) (Morse, J., dissenting) (citations omitted). Professor Wayne R. LaFave has ex- ' plained some additional problems in his treatise on the Fourth Amendment:
The notion that the trial record may be used by the appellate court to uphold a search or seizure notwithstanding the fact that the lower court erred in failing to suppress on the lesser amount of evidence produced at the pretrial hearing is an attractive one — after all, if it now appears that the Fourth Amendment was not violated, then why should the defendant be entitled to a windfall reversal of his conviction? It may be suggested, however, that the courts have been somewhat too willing to embrace this rule without considering *302 whether it can be said that the defendant obtained a fair hearing on his Fourth Amendment claim. As one judge put it, we ought not “force the defendant to be prepared to retry before the jury the question which he has previously presented according to law for a final determination of the judge.” Absent notice to the defense that the legality of the search and seizure is somehow an “open” question throughout the trial, the defendant might well not challenge certain trial testimony which bolsters the pretrial suppression ruling but is not particularly damaging on the issue of guilt or innocence. Moreover, if “facts” produced at trial may be readily utilized by an appellate court to uphold a search challenged only in advance of trial, then the appellate tribunal is in a most curious position. It may be accepting as true certain testimony which conceivably neither the.trial judge nor the jury believed or which neither judge nor jury had any reason to assess.
5 Wayne R. LaFave, Search and Seizure, § 11.7(d) (3d ed.1996) (footnotes omitted).
Moreover, consideration of trial evidence in this context may make it difficult for appellate courts to adhere to the proper standard of review. To illustrate, a pretrial ruling on a suppression issue should be affirmed on appeal, unless the evidence preponderates otherwise. State v. Odom, 928 S.W.2d 18, 23 (Tenn.1996). In contrast, the standard for determining the sufficiency of the evidence is whether, after considering all the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Hall 958 S.W.2d 679, 704 (Tenn.1997). When an appellate court reviews the entire record to determine a pretrial suppression issue, the danger is that it will merge one analysis with the other, thus subjecting the evidence to a “blended” analysis, to the detriment of the defendant.
The only way a defendant will be able to avoid this predicament is to bring an interlocutory appeal[1] of an unfavorable suppression ruling. Consequently, defendants who perfect an interlocutory appeal will gain a distinct advantage over those who appeal post-trial, for those who wait must take the risk that the State will bolster its case dining trial by the introduction of evidence that was not adduced in the pretrial proceedings.
Furthermore, if a trial court incorrectly admits evidence which should have been excluded, it seems that on appeal the error would always be found “harmless.” This is true because upon a conviction approved by the trial judge, there necessarily exists enough evidence to prove guilt beyond a reasonable doubt. With this quantum of proof available, the reviewing court is unlikely to overturn a pretrial ruling validating the search and seizure.
For all of the foregoing reasons, the rule established today is, in my view, potentially troublesome. I would prefer to affirm the trial court’s ruling on the knock and announce issue based solely on the record of the suppression hearing. The issue was poorly developed at the hearing; only the defendant testified. Nevertheless, it is apparent that the trial court found the defendant’s testimony incredible, and the trial court is certainly entitled to make this assessment. No other evidence was introduced in support of the defendant’s contention. Because the court apparently did not believe the defendant’s testimony, it could properly find that the defendant did not carry his burden of establishing the illegality of the search and seizure by a preponderance of the evidence. See State v. Evans, 815 S.W.2d 503, 505 (Tenn.1991) (when a search is conducted with a valid warrant, the defendant carries the burden of establishing the illegality of the search).
I have outlined above the basis for my separate concurrence. Accordingly, I concur with the majority decision to affirm the judgment of the Court of Criminal Appeals.
I am authorized to state that Special Justice Reid joins in this separate concurring opinion.

. Tenn. R.App. P. 9; Tenn. R.App. P. 10.