IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 6, 2003

## STATE OF TENNESSEE v. DAVID S. EADS

**Appeal from the Circuit Court for McNairy County**
**No. 1522      Jon Kerry Blackwood, Judge**

---

### No. W2002-02814-CCA-R3-CD  - Filed June 16, 2003

---

The Appellant, David S. Eads, pled guilty to possession of marijuana with intent to deliver and possession of drug paraphernalia. As a condition of the plea agreement, Eads reserved the right to appeal, as a certified question of law, the trial court's denial of his motion to suppress. *See* Tenn. R. App. P. 3(b); Tenn. R. Crim. P. 37(b). On appeal, he asserts that the search warrant was invalid because: (1) the facts alleged in the affidavit supporting the search warrant were insufficient to support a finding of probable cause, and (2) the warrant was based on information obtained from an illegal warrantless search by a confidential informant. Finding that the issues presented are without merit, we affirm the trial court's denial of the motion to suppress.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOE G. RILEY and JOHN EVERETT WILLIAMS, JJ., joined.

Mike Mosier, Jackson, Tennessee, for the Appellant, David S. Eads.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Christine M. Lapps, Assistant Attorney General; Elizabeth T. Rice, District Attorney General; and Jerry W. Norwood, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

#### Procedural History

On October 28, 2001, a search warrant was issued by the McNairy County General Sessions Court, based upon information provided by a police officer that he had reason to believe the Appellant was in possession of marijuana and drug paraphernalia at his residence. The warrant was executed later that day, and the search yielded a quantity of marijuana, several items of drug paraphernalia, and $1525 in cash. On June 10, 2002, a McNairy County grand jury returned an

indictment against the Appellant charging him with possession of a Schedule VI controlled substance with intent to sell or deliver and possession of drug paraphernalia.

On July 25, 2002, the Appellant moved to suppress the evidence seized as a result of the search, alleging that the warrant was issued without probable cause. Following a hearing, the trial court summarily denied the suppression motion, finding that the warrant was proper and was issued on sufficient probable cause. The Appellant subsequently pled guilty to the offenses as charged and received a sentence of one year, eleven months, and twenty-nine days to be served on probation. As part of his plea agreement, the Appellant reserved the right to appeal, as a certified question of law, the issue of "[w]hether or not the search warrant which was issued in this case justifying the search of the Defendant's home was supported by probable cause in the affidavit to same and whether or not said search was preceded by an illegal, warrantless search." This appeal followed.

**Analysis**

The Appellant argues on appeal that the search warrant was invalid because the supporting affidavit did not establish probable cause. An affidavit has historically been viewed as an indispensable prerequisite to the issuance of a search warrant in Tennessee. Tenn. Code Ann. § 40-6-103 (1997). The affidavit must set forth on its face facts which establish probable cause before a search warrant may issue. Tenn. Code Ann. § 40-6-104 (1997); Tenn. R. Crim. P. 41(c). Probable cause to support the issuance of the warrant must appear in the affidavit, and judicial review of the existence of probable cause will not include looking to other evidence provided to or known by the issuing magistrate or possessed by the affiant. *State v. Moon*, 841 S.W.2d 336, 338 (Tenn. Crim. App. 1992).

When probable cause for a search is based upon information from a confidential informant, there must be a showing in the affidavit of both (1) the informant's basis of knowledge, and (2) his or her veracity. *State v. Jacumin*, 778 S.W.2d 430, 436 (Tenn. 1989). The basis of knowledge prong requires that the affidavit contain facts from which the magistrate may determine that the informant had a basis for the claim regarding criminal conduct or contraband. The veracity prong requires that the affidavit contain facts from which the magistrate may determine either the inherent credibility of the informant or the reliability of the information provided. *Moon*, 841 S.W.2d at 338. A conclusory allegation that the informant is reliable is insufficient; the affidavit must show "underlying circumstances from which the magistrate can conclude that the informant is credible or his information is reliable." *Id*. at 339. However, independent police corroboration of the information provided by the informant may make up deficiencies in either prong. *Id*. at 340; *Jacumin*, 778 S.W.2d at 436.

The Appellant first asserts that the affidavit is bare of any showing of the confidential informant's veracity or basis of knowledge. He argues that the affidavit contains only mere conclusory statements regarding the informant. In addition, he asserts that independent police corroboration cannot be relied upon to support the affidavit because it is unclear what steps were

taken in "monitoring" the informant during the purchase, as contrasted with the affidavit in *State v. Powell*, 53 S.W.3d 258 (Tenn. Crim. App. 2000).

> The relevant portion of the affidavit challenged by the Appellant reads as follows: Personally appeared before me, W.D. FEATHERS a full-time law enforcement officer for the Somerville Police Department, . . . and makes the oath that he has reason to believe that there is probable cause for believing that [the Appellant], . . . is/are in possession [of] the following described property, to-wit: MARIJUANA, DRUG PARAPHERNALIA, DRUG PROCEEDS AND EVIDENCE, FRUITS, CONTRABAND AND INSTRUMENTALITIES OF CRIMES NOT PRESENTLY KNOWN contrary to the laws of the State of Tennessee, upon the following described premises . . . and his reason for such belief are that affiant has RECEIVED INFORMATION FROM A RELIABLE AND CONFIDENTIAL INFORMANT THAT FEARS FOR HIS/HER LIFE IF NAME IS REVEALED, THAT HAS LED TO NARCOTIC SEIZURES IN THE PAST, IN THE 25 TH JUDICIAL DISTRICT. THE CONFIDENTIAL SUBJECT ADVISED AFFIANT [the Appellant] AND HIS BROTHERS WERE STORING, SELLING AND GROWING MARIJUANA AT THE ABOVE STATED RESIDENCE. ACTING ON THIS INFORMATION, THE CONFIDENTIAL SUBJECT WAS DIRECTED TO GO TO THE RESIDENCE AND PURCHASE MARIJUANA FROM [the Appellant]. THE CONFIDENTIAL SOURCE DID SO, WHILE BEING MONITORED BY LAW ENFORCEMENT AND RETURNED THE PLANT LIKE MATERIAL AND WAS FIELD TESTED POSITIVE FOR MARIJUANA. THIS HAS ALL OCCURRED IN THE PAST (72) SEVENTY-TWO HOURS. Therefore, asks that a warrant be issued to search the person(s) and premises of the said [Appellant] . . . .

We find that the affidavit presented to the magistrate is adequately supported by probable cause as it shows both the informant's basis of knowledge and his or her veracity. The basis of knowledge was established by the showing that the informant has purchased drugs in the Appellant's house within 72 hours prior to the issuance of the warrant. While it is true that the statement regarding the reliability of the informant was conclusory, we find that the reliability of the information given in this case was supported by independent police corroboration. The information relied upon to obtain the warrant was partially based upon the result of a controlled drug transaction. During this transaction, the informant was "MONITORED BY LAW ENFORCEMENT." Once the informant completed the transaction, the "PLANT LIKE MATERIAL" was delivered to the police. Based upon these facts, we conclude that the reliability of the informant's information was adequately established.

We reject the Appellant's assertion that the affidavit was insufficient to support a finding of police corroboration because it merely states that the informant was "monitored," without specifying the exact details of the process. We note that the dictionary defines "monitoring" to include: "to track by or as if by an electronic device, to check systematically or scrutinize for the purpose of

collecting specified categories of data, to keep watch over. . . ." WEBSTER'S II NEW COLLEGE DICTIONARY 708 (1995).

Morever, we note that once a search warrant has been issued, the burden shifts to the Appellant to establish the invalidity of that warrant. *State v. Evans*, 815 S.W.2d 503, 505 (Tenn. 1991). The record reflects that the Appellant has failed to carry this burden. No testimony was presented by the Appellant at the suppression hearing; the Appellant, instead, relied only upon argument to the court. The Appellant's conclusory allegations are insufficient to establish the invalidity of the warrant.

> The Appellant also argues that the search warrant is invalid because it was based upon observations made by an informant who was acting as an agent of law enforcement. The informant was directed to enter the residence of both defendants to attempt to make purchases of controlled substances, but also to act as a "pair of eyes" to make observations that could form the foundation for the issuance of a search warrant. In effect, law enforcement conducted a warrantless search of the Defendant's home. . . .

The Appellant cites to no legal authority to support this assertion. "Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court." Tenn. R. Ct. Crim. App.10(b). Additionally, this issue was not addressed in the Appellant's suppression motion. Generally, appellate courts review only questions which have been presented for determination in the lower court. Tenn. R. App. P. 36.

With regard to the Appellant's contention of unlawful police conduct, we find nothing before us which remotely suggests that the informant's status at the Appellant's residence was anything other than that of an invited guest. Thus, no Fourth Amendment violation occurred. *See, United States v. White*, 401 U.S. 745, 749, 91 S. Ct. 1122, 1125 (1971) (holding no warrant to "search and seize" is required when the Government sends to defendant's home a secret agent who conceals his identity and makes a purchase of narcotics from the accused, or when the same agent, unbeknown to the defendant, carries electronic equipment to record the defendant's words and the evidence so gathered is later offered in evidence). Moreover, the Appellant's argument of a law enforcement-agent relationship during this investigative stage of these proceeding is misplaced. Statements made without counsel and attempts to gather incriminating information by undercover agents and those acting on behalf of law enforcement typically are present within the context of a Sixth Amendment claim. In those situations a defendant's constitutional rights are violated only after adversarial proceedings have commenced against the accused. *Massiah v. United States*, 377 U.S. 201, 205, 84 S.C. 1199, 1202 (1964); *State v. Berry*, 592 S.W.2d 553, 558 (Tenn. 1980). Here, no adversarial proceeding had attached; therefore, utilization of the informant's observations by the police were not improper. This issue is without merit.

**CONCLUSION**

Having found that the search warrant was based upon adequate probable cause, and that the information utilized for the issuance of the warrant was not illegally obtained, we affirm the order of the McNairy County Circuit Court denying the Appellant's motion to suppress.

_____

DAVID G. HAYES, JUDGE