NO. 07-03-0462-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



DECEMBER 2, 2004



______________________________




WILBORN H. BRUMIT, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2002-439865; HONORABLE JIM BOB DARNELL, JUDGE



_______________________________




Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Pursuant to an open plea of guilty, appellant Wilborn H. Brumit was convicted of
aggravated sexual assault and punishment was assessed at confinement for life. 
Presenting two points of error, appellant contends the trial court violated his due process
rights under the Fourteenth Amendment of the U.S. Constitution and Article 1, Section 19
of the Texas Constitution and committed fundamental error by failing to function as an
impartial tribunal for sentencing purposes. We affirm.

 Only a brief recitation of the facts is necessary to disposition of appellant's
contentions. Following appellant's open plea of guilty, punishment evidence was
presented that established numerous incidents of sexual assault by appellant against his
biological daughter and some instances of sexual assault against a life-long friend of hers. 
Appellant's daughter testified that while she was between five and eight years old and living
in Lubbock County, she experienced numerous instances of digital penetration of her
vagina by appellant. After age eight, she recalled appellant having sexual intercourse with
her on several occasions. 

 When she was almost nine, the family moved to Collin County and the abuse
stopped for a brief time. However, the victim testified that appellant resumed digital
penetration and also estimated at least 15 episodes of sexual intercourse. On February
21, 2002, at age 12, the victim became emotionally overwhelmed by the constant abuse
and telephoned her mother to tell her she had packed all her belongings and was leaving
home. Her mother picked her up and took her to the hospital for an examination.

 The victim's close friend, who considered appellant a father figure, testified that
when she was 11 appellant began molesting her by digital penetration of her vagina. She
also recalled at least two instances of sexual intercourse by appellant and one attempt to
penetrate her bottom. 

 Following other testimony from the victims' parents and a Collin County Officer, the
State rested and the defense presented evidence from appellant's sister that appellant had
been sexually abused as a young child. Prior to pronouncing sentence, the trial court
made the following comments:

 Mr. Brumit, I will explain to you what I am doing and why I am doing it,
because I will never understand what you did or why you did it. You are a
predator, the worst kind of a predator. The reason being is that we have to
teach our children today to be careful about people that they come into
contact with for fear that something like this may happen to them. When it
happens to a child, your own child, in your own home, it is just unforgivable. 
There is no way that anybody can justify understanding what you did or why.


 I think it was 1977 or '76, I was involved in the prosecution of a little six-year-old black child that was kidnapped in the front of his apartment complex and
was killed after he had been sexually assaulted. That case made me think
that anybody that ever harmed a child should be put to death.


* * *



 Your punishment is going to deter you, and hopefully it will deter anybody
else that might contemplate doing what you did. . . . 


 For that reason, I am going to sentence you to life in the penitentiary, and
hopefully, somebody out there will understand this is wrong. 


(Emphasis added).

 

 By his two points of error, appellant asserts his federal and state due process rights
were violated because the trial court did not function as an impartial tribunal for sentencing
purposes. Specifically, he contends the trial court refused to consider the full range of
punishment and expressed its regret in not being able to hand down a capital sentence. 
We disagree. 

 It is a denial of due process for the court to arbitrarily refuse to consider the entire
range of punishment for an offense or to refuse to consider the evidence and impose a
predetermined punishment. Jefferson v. State, 803 S.W.2d 470, 471 (Tex.App.-Dallas
1991, pet. ref'd), citing McClenan v. State, 661 S.W.2d 108, 110 (Tex.Cr.App. 1983). 
Error, though, even of constitutional dimension, may be waived by failing to object. Tex.
R. App. P. 33.1(a); Briggs v. State, 789 S.W.2d 918, 924 (Tex.Cr.App. 1990). 

 Appellant acknowledges that no objections were lodged to the trial court's
comments and that although he filed a motion for new trial, it was based on other grounds. 
Nevertheless, he asserts the trial court's comments constituted fundamental error of
constitutional dimension that required no objection. See Blue v. State, 41 S.W.3d 129
(Tex.Cr.App. 2000) (plurality opinion); see generally Howard v. State, 830 S.W.2d 785, 787
(Tex.App.-San Antonio 1992, pet. ref'd) (concluding that the record supported the
defendant's claim that the trial court never considered a lesser sentence than 99 years
when it commented, "as far as I'm concerned, you can go to TDC for 99 years and stay
there, do you understand that?").

 In Blue, the trial court made comments to the venire which tainted the defendant's
presumption of innocence. A plurality of the court held that the trial court's comments were
fundamental error of constitutional dimension that required no objection. Blue, 41 S.W.3d
at 132. A plurality opinion, however, is not binding precedent, and we decline to apply it
here. Jasper v. State, 61 S.W.3d 413, 421 (Tex.Cr.App. 2001); see also Rabago v. State,
75 S.W.3d 561, 563 (Tex.App.-San Antonio 2002, pet. ref'd). 

 The State contends appellant waived any complaint regarding his sentence by not
bringing it to the trial court's attention during the hearing nor in his motion for new trial. We
agree. A defendant waives any due process complaint when he does not object to the
punishment or to the failure to consider the evidence. Cole v. State, 931 S.W.2d 578, 580
(Tex.App.-Dallas 1995, pet. ref'd). Appellate courts do not consider any error counsel
could have called, but did not call, to the trial court's attention when the trial court could
have avoided or corrected the error. Id. Points of error one and two are overruled.

 Accordingly, the judgment of the trial court is affirmed.


 Don H. Reavis

 Justice


Do not publish.





UnhideWhenUsed="false" Name="Medium List 2 Accent 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-09-00314-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



AUGUST
11, 2010

 



 

JAMMIE LEE MOORE, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 108TH DISTRICT COURT OF POTTER
COUNTY;

 

NO. 57,934-E; HONORABLE DOUGLAS WOODBURN, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Appellant,
Jammie Lee Moore, was convicted of possession of a
controlled substance, methamphetamine, in an amount of four grams or more but
less than 200 grams.[1]  The indictment contains allegations of two
prior convictions for punishment enhancement purposes.[2]  A jury convicted Appellant of the offense
charged and, based upon his plea of true to the enhancement allegations,
assessed punishment at confinement for a period of 50 years.  Appellant's counsel has filed an Anders brief and a motion to
withdraw.  See Anders v. California, 386 U.S. 738, 87 S.Ct.
1396, 18 L.Ed.2d 493 (1967).  For the reasons expressed herein, we abate
and remand this cause to the trial court for appointment of new counsel.

In
support of his motion to withdraw, Appellant's counsel certifies that he has
diligently reviewed the record, and in his opinion, the record reflects no
error upon which an appeal can be predicated. 
Id. at
744-45.  In compliance with High v. State,
573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has
candidly discussed why, under the controlling authorities, there is no error in
the trial court's judgment. 
Additionally, counsel has certified that he has provided Appellant a
copy of the Anders brief and motion
to withdraw and appropriately advised Appellant of his right to file a pro se response in this matter.  See
Stafford v. State, 815 S.W.2d 503, 510 (Tex.Crim.App. 1991). 
Appellant has filed a response and the State has responded to that
pleading.  

When
faced with an Anders brief, an appellate court has a duty to conduct a
full examination of the proceeding, and if its independent inquiry reveals a
non-frivolous or arguable ground for appeal, it must abate the proceeding and
remand the case to the trial court so that new counsel can be appointed to
brief the issues.  See Penson v. Ohio, 488 U.S. 75, 109 S.Ct.
346, 102 L.Ed.2d 300 (1988); Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App. 2005).

In this
case the Clerk's Record reflects a judgment signed September 14, 2010.  The summary portion of the judgment reflects
"Court Costs: see attached" and the following page contained in the
record is a certified bill of costs, also dated September 14, 2010, containing
a reference to attorney's fees for Appellant's court-appointed attorney
totaling $3,300.00.  The judgment further
orders Appellant to pay all court costs "as indicated above."  A review of the Reporter's Record does not
reveal any evidence pertaining to Appellant's ability to reimburse attorney's
fees.

A judgment ordering the reimbursement of court-appointed
attorney's fees without sufficient evidence of a defendant's ability to pay can
constitute error cognizable on appeal.  See Mayer v. State, 309
S.W.3d 552 (Tex.Crim.App. 2010).  

Based
upon this record we find at least three arguable grounds for appeal exist:

(1)       Does an
order for the reimbursement of attorney's
fees have to be included in the oral pronouncement of sentence as a
precondition to its inclusion in the trial court's written judgment?  See
Weir v. State, 278 S.W.3d 364, 366 (Tex.Crim.App. 2009).

(2)       Does
attaching a copy of the Clerk's certified bill of costs to a judgment with the
notation "Court Costs: see attached," while ordering the payment of
court costs "as indicated above" constitute an order to pay the
costs, including attorney's fees, contained within that bill of costs?  See
Armstrong v. State, No. 07-09-0091-CR, 2010 Tex.App.
LEXIS 6077 (Tex.App.--July 29,
2010, no pet. h.).

(3 )      Was the evidence legally sufficient to show that Appellant had
financial resources that would enable him to offset, in part or in whole the
costs of legal services provided?  See Mayer, 309 S.W.3d at
556.   

Having
concluded that arguable grounds for appeal exist, we grant Appellant=s counsel=s motion to withdraw, abate this
proceeding, and remand this cause to the trial court for the appointment of new
counsel.  See Bledsoe, 178 S.W.3d
at 827; Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App.
1991).  

We
direct the trial court to appoint new counsel to represent Appellant on appeal
by September 17, 2010.  The trial court
shall furnish the name, address, telephone number, and state bar number of new
counsel to the clerk of this Court immediately after the appointment of counsel
is ordered.  Finally, the trial court
shall cause its order appointing counsel to be included in a supplemental clerk=s record which shall be filed with
the Clerk of this Court by October 1, 2010. 
Appellant=s brief shall address the issues we
have identified, together with any other arguable issues identified by counsel,
and shall be due forty-five days from the date of the trial court=s appointment of new counsel.  All other appellate deadlines shall be in
accordance with the Texas Rules of Appellate Procedure.

It is so
ordered.

Per Curiam

Publish.











[1]See Tex. Health & Safety Code Ann. § 481.115(d)(Vernon 2007).

 





[2]See Tex. Penal Code Ann. § 12.42(d) (Vernon 2007).