NO. 07-09-00314-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



AUGUST
11, 2010

 



 

JAMMIE LEE MOORE, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 108TH DISTRICT COURT OF POTTER
COUNTY;

 

NO. 57,934-E; HONORABLE DOUGLAS WOODBURN, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Appellant,
Jammie Lee Moore, was convicted of possession of a
controlled substance, methamphetamine, in an amount of four grams or more but
less than 200 grams.[1]  The indictment contains allegations of two
prior convictions for punishment enhancement purposes.[2]  A jury convicted Appellant of the offense
charged and, based upon his plea of true to the enhancement allegations,
assessed punishment at confinement for a period of 50 years.  Appellant's counsel has filed an Anders brief and a motion to
withdraw.  See Anders v. California, 386 U.S. 738, 87 S.Ct.
1396, 18 L.Ed.2d 493 (1967).  For the reasons expressed herein, we abate
and remand this cause to the trial court for appointment of new counsel.

In
support of his motion to withdraw, Appellant's counsel certifies that he has
diligently reviewed the record, and in his opinion, the record reflects no
error upon which an appeal can be predicated. 
Id. at
744-45.  In compliance with High v. State,
573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has
candidly discussed why, under the controlling authorities, there is no error in
the trial court's judgment. 
Additionally, counsel has certified that he has provided Appellant a
copy of the Anders brief and motion
to withdraw and appropriately advised Appellant of his right to file a pro se response in this matter.  See
Stafford v. State, 815 S.W.2d 503, 510 (Tex.Crim.App. 1991). 
Appellant has filed a response and the State has responded to that
pleading.  

When
faced with an Anders brief, an appellate court has a duty to conduct a
full examination of the proceeding, and if its independent inquiry reveals a
non-frivolous or arguable ground for appeal, it must abate the proceeding and
remand the case to the trial court so that new counsel can be appointed to
brief the issues.  See Penson v. Ohio, 488 U.S. 75, 109 S.Ct.
346, 102 L.Ed.2d 300 (1988); Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App. 2005).

In this
case the Clerk's Record reflects a judgment signed September 14, 2010.  The summary portion of the judgment reflects
"Court Costs: see attached" and the following page contained in the
record is a certified bill of costs, also dated September 14, 2010, containing
a reference to attorney's fees for Appellant's court-appointed attorney
totaling $3,300.00.  The judgment further
orders Appellant to pay all court costs "as indicated above."  A review of the Reporter's Record does not
reveal any evidence pertaining to Appellant's ability to reimburse attorney's
fees.

A judgment ordering the reimbursement of court-appointed
attorney's fees without sufficient evidence of a defendant's ability to pay can
constitute error cognizable on appeal.  See Mayer v. State, 309
S.W.3d 552 (Tex.Crim.App. 2010).  

Based
upon this record we find at least three arguable grounds for appeal exist:

(1)       Does an
order for the reimbursement of attorney's
fees have to be included in the oral pronouncement of sentence as a
precondition to its inclusion in the trial court's written judgment?  See
Weir v. State, 278 S.W.3d 364, 366 (Tex.Crim.App. 2009).

(2)       Does
attaching a copy of the Clerk's certified bill of costs to a judgment with the
notation "Court Costs: see attached," while ordering the payment of
court costs "as indicated above" constitute an order to pay the
costs, including attorney's fees, contained within that bill of costs?  See
Armstrong v. State, No. 07-09-0091-CR, 2010 Tex.App.
LEXIS 6077 (Tex.App.--July 29,
2010, no pet. h.).

(3 )      Was the evidence legally sufficient to show that Appellant had
financial resources that would enable him to offset, in part or in whole the
costs of legal services provided?  See Mayer, 309 S.W.3d at
556.   

Having
concluded that arguable grounds for appeal exist, we grant Appellant=s counsel=s motion to withdraw, abate this
proceeding, and remand this cause to the trial court for the appointment of new
counsel.  See Bledsoe, 178 S.W.3d
at 827; Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App.
1991).  

We
direct the trial court to appoint new counsel to represent Appellant on appeal
by September 17, 2010.  The trial court
shall furnish the name, address, telephone number, and state bar number of new
counsel to the clerk of this Court immediately after the appointment of counsel
is ordered.  Finally, the trial court
shall cause its order appointing counsel to be included in a supplemental clerk=s record which shall be filed with
the Clerk of this Court by October 1, 2010. 
Appellant=s brief shall address the issues we
have identified, together with any other arguable issues identified by counsel,
and shall be due forty-five days from the date of the trial court=s appointment of new counsel.  All other appellate deadlines shall be in
accordance with the Texas Rules of Appellate Procedure.

It is so
ordered.

Per Curiam

Publish.











[1]See Tex. Health & Safety Code Ann. § 481.115(d)(Vernon 2007).

 





[2]See Tex. Penal Code Ann. § 12.42(d) (Vernon 2007).