STATE of Tennessee, Petitioner,

v.

Dale Kerr PIGFORD, Respondent.

Supreme Court of Tennessee.

Nov. 6, 1978.

Brooks McLemore, Jr., Atty. Gen., Robert A. Grunow, Asst. Atty. Gen., Nashville, for petitioner.

Tom Emerson Smith, Memphis, for respondent.

## OPINION

HENRY, Chief Justice.

The State has brought this petition for the common law writs of certiorari and supersedeas to review the action of the trial court in granting the respondent's motion to suppress evidence on the grounds that the search warrant used to seize the drugs involved in this case was illegal because it allegedly was not issued to a proper peace officer under § 40–505, T.C.A.

The stipulated facts disclose that on February 4, 1976, B. Griggs, "a duly commissioned law enforcement officer of the Federal Government" employed by the Federal Drug Enforcement Agency, appeared before a Shelby County General Sessions Judge and executed an "affidavit for search warrant" for the residence of respondent, Dale Pigford. The warrant thus procured was addressed "To the Sheriff, Any Constable or Any Peace Officer of [Shelby] County," and commanded the search of respondent's premises and property. Griggs was accompanied by J. L. Hamby, a Shelby County Deputy Sheriff. Later the same day, Hamby and two other deputy sheriffs accompanied by Griggs, executed the warrant and discovered marijuana at respondent's residence. Deputy Hamby executed the return on the search warrant.

Respondent filed a motion to suppress, in which he contended that a search warrant, otherwise regular, is rendered invalid under § 40–505, T.C.A., by its issuance to a federal officer.[1] The trial judge sustained this con-

---

1. The warrant bears the notation that it was issued to B. Griggs. This is of no relevance. The warrant was addressed to appropriate state authorities and neither commanded nor permitted any action on the part of Griggs.

tention, held the warrant invalid, and ruled that any evidence seized pursuant to it was inadmissible.

The action of the trial court has effectively ended the prosecution of this case and leaves the State with no other plain, speedy or adequate remedy. This is tantamount to the denial to the State of its day in court and results in the loss of an interest not subject to recapture. In such a case the State may properly seek review of the trial court's action by means of the common law writ of certiorari. *See State v. Johnson*, 569 S.W.2d 808 (Tenn.1978); *State v. Gant*, 537 S.W.2d 711 (Tenn.Crim. App.1975); *Taylor v. Continental Tennessee Lines, Inc.*, 204 Tenn. 556, 322 S.W.2d 425 (1959).

Section 40–505, T.C.A. reads, in pertinent part, as follows:

. . . [The magistrate] shall issue a search warrant signed by him, *directed to the sheriff, any constable, or any peace officer, commanding him* forthwith to search the person or place named for the property specified, and to bring it before the magistrate. (Emphasis supplied).

Using similar language, Section 40–501, T.C.A., defines a search warrant as a written order "signed by a magistrate, *directed* to the sheriff, any constable, or any peace officer of the county, *commanding* him" to search for property and bring it before the magistrate. (Emphasis supplied.) No statute restricts the class of persons to whom a warrant must be physically issued.

A further statutory requirement is that a warrant be executed by any of the officers to whom it is directed. However, no other person may execute a warrant "except in aid of such officer, at his request, he being present and acting in its execution." § 40–508, T.C.A.

All such statutory requirements were met by the warrant in this case and by its execution. It was directed "to the sheriff, any constable, or any peace officer" of Shelby County and commanded them to execute a search of respondent's premises. It did not direct or command Griggs to perform the search nor did Griggs alone execute the warrant. Deputy Hamby was present when application was made for the warrant; and he and two other county deputies, assisted by Griggs, searched the premises. Griggs' participation in the search in no way invalidates the warrant or the search so long as the provisions of § 40–508 are complied with. *See also State v. Schmidgall*, 21 Ariz.App. 68, 515 P.2d 609 (1973); *State v. Dudgeon*, 13 Ariz.App. 464, 477 P.2d 750 (1970).

The writs of certiorari and supersedeas are granted. The order of the trial court is vacated and this cause is remanded for trial.

FONES, COOPER, BROCK and HARBISON, JJ., concur.