# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
September 19, 2000 Session

## STATE OF TENNESSEE v. WARNER CARL POWELL and CHARLIE EDWARD STOKES

**Appeal from the Circuit Court for Montgomery County**
**No. 39480     Robert W. Wedemeyer, Judge**

---

**No. M1999-00661-CCA-R3-CD - Filed October 30, 2000**

---

This is an appeal as of right by the State of Tennessee, which argues that the trial court erred by suppressing the evidence obtained against the Defendants pursuant to a search warrant. The State asserts that the trial court incorrectly concluded that the search warrant was invalid because the agent who provided the information in the affidavit establishing probable cause to search did not have the authority to execute the warrant or arrest the Defendants. In response, the Defendants assert that the State's notice of appeal was not timely filed, and they argue that the evidence was properly suppressed because the agent did not have the authority to obtain or execute the search warrant and because the affidavit did not establish the veracity of the confidential informant. We conclude that the State's notice of appeal was not timely filed, but we will consider the appeal in the interest of justice. We further conclude that the search warrant was valid; thus the trial court erred by suppressing the evidence obtained pursuant to the warrant. Accordingly, the trial court's order suppressing the evidence is reversed, and this case is remanded for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed.**

DAVID H. WELLES, J., delivered the opinion of the court, in which JOE G. RILEY and NORMA MCGEE OGLE, JJ., joined.

Paul G. Summers, Attorney General and Reporter; Todd R. Kelley, Assistant Attorney General; John Carney, District Attorney General; and C. Daniel Brollier, Jr., Assistant District Attorney General, for the appellant, State of Tennessee.

Jack M. Butler, Nashville, Tennessee, for the appellee, Warner Carl Powell.
Peter M. Olson, Clarksville, Tennessee, for the appellee, Charlie Edward Stokes.

**OPINION**

The Defendants, Warner Carl Powell and Charlie Edward Stokes, were arrested following the execution of a search warrant obtained by Agent Russ Winkler of the Tennessee Alcoholic Beverage Commission (ABC). The warrant was executed by Agent Winkler and members of the Special Operations Unit of the Clarksville Police Department. The search warrant was issued for and executed at a residence located in Montgomery County, outside the Clarksville city limits. The warrant stated that the evidence sought was "All controlled substances, specifically, methamphetamine." Methamphetamine and marijuana were found at the residence.

Both Defendants were indicted in December 1997 for multiple counts of possession of a controlled substance with intent to sell or deliver. They subsequently filed motions to suppress the evidence obtained against them, contending that the search warrant authorizing the search of their residence was defective because the affidavit used to establish probable cause was sworn by an agent of the ABC who lacked the authority to investigate the possession and sale of methamphetamine. The Defendants also alleged that the affidavit failed to establish the credibility of the confidential informant who supplied the information relied upon. After a hearing, the trial court found that the warrant was invalid because the agent of the ABC did not have the authority to search for methamphetamine and because the affidavit did not show the credibility of the confidential informant. In an order entered on October 30, 1998, the trial court suppressed the evidence obtained as a result of the search warrant. Subsequently, on December 11, 1998, the State moved to dismiss the case because it could not proceed to trial with the evidence suppressed. The order dismissing the case was filed on December 17, 1998, and the State filed its notice of appeal on January 14, 1999.

TIMELINESS OF NOTICE OF APPEAL

Rule 3(c) of the Tennessee Rules of Appellate Procedure provides that an appeal by the State "lies only from an order or judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) the substantive effect of which results in dismissing an indictment, information, or complaint." A notice of appeal must be filed within thirty days of the entry of the judgment appealed from. Tenn. R. App. P. 4(a). In moving to dismiss the indictment because it could not proceed to trial without the suppressed evidence, the State essentially conceded that the substantive effect of the suppression order was the dismissal of the indictment. Thus, the State should have filed its notice of appeal within thirty days from the entry of the suppression order, which was entered on October 30, 1998. See State v. Lee, 836 S.W.2d 126, 127 (Tenn. Crim. App. 1991). Because the State did not file its notice of appeal until January 14, 1998, the notice was not timely filed.

However, Rule 4(a) of the Tennessee Rules of Appellate Procedure provides that the filing of the notice of appeal in criminal cases is not jurisdictional, and the filing may be waived in the interest of justice. The State asserts that the assistant district attorney general believed in good faith that the notice of appeal was not due until thirty days after the indictments were actually dismissed,

and it asks us to waive the filing of the notice of appeal in this case. We grant the State's request in the interest of justice, and we consider its issue on the merits.

## VALIDITY OF SEARCH WARRANT

The trial court determined that the search warrant was invalid because Agent Winkler, an agent for the ABC, did not have the authority to obtain and execute the search warrant. Pursuant to statute, agents of the ABC may investigate violations of the drug laws and may arrest a person without a warrant if they have probable cause to believe that the person is committing a felony drug offense on premises licensed by the commission, on any premises under investigation by the commission in conjunction with its other duties and responsibilities, or on any other premises selling alcoholic beverages. See Tenn. Code Ann. § 57-1-210. In addition, agents have explicit authority to enforce the provisions of Tennessee Code Annotated section 39-17-417(g), which prohibit a person from manufacturing, delivering, selling, or possessing with intent to manufacture, deliver, or sell a Schedule VI controlled substance. See id. §§ 57-1-208, 39-17-417(g). This authority is not limited to premises licensed by the commission or premises selling alcoholic beverages. See id. However, the authority to investigate drug offenses in this manner is expressly limited to Schedule VI drugs, which are marijuana, tetrahydrocannabinols, and synthetic equivalents of the substances contained in the plant cannabis. See id. §§ 57-1-208, 39-17-415.

We agree with the trial court and the Defendants that based on these statutes, Agent Winkler did not have the authority to investigate the possession or sale of methamphetamine at the residence searched. Notwithstanding, Agent Winkler provided the affidavit in support of the search warrant in this case, in which he asserted that there was probable cause to believe that methamphetamine, a Schedule II controlled substance, was located at the residence to be searched. The search warrant described the evidence to be searched for as "All controlled substances, specifically, methamphetamine." The Defendants thus argue that because Agent Winkler did not have the authority to investigate drug offenses involving methamphetamine located at a private residence, Agent Winkler did not have the authority to provide the affidavit for the search warrant. We respectfully disagree.

Tennessee Rule of Criminal Procedure 41, dealing with search warrants, provides in relevant part:

> (a) Authority to Issue Warrant. -- A search warrant authorized by this rule may be issued by a magistrate with jurisdiction within the county wherein the property sought is located, upon request of the district attorney general or assistant or criminal investigator, or any other law-enforcement officer.
> . . .
> (c) A warrant shall issue only on an affidavit or affidavits sworn to before the magistrate and establishing the grounds of issuing the warrant. . . . The search warrant shall be directed to and served by the sheriff or any deputy sheriff of the county wherein issued, any constable, or any other peace officer with authority in the county.

-3-

(Emphasis added).  See also Tenn. Code Ann. §§ 40-6-101 to -107.

We first note that while this rule limits the class of persons who may request a search warrant to the district attorney general, assistant district attorney general, criminal investigator, or any law-enforcement officer, the rule does not limit the making of the affidavit to any particular class of persons.  See Tenn. R. Crim. P. 41.  Likewise, we can find no statute which limits the making of affidavits to any particular class of persons.  See Tenn. Code Ann. §§ 40-6-101 to -107.  The law merely requires that a search warrant be issued "only on an affidavit or affidavits sworn to before the magistrate and establishing the grounds of issuing the warrant."  See Tenn. R. Crim. P. 41(c). We thus conclude that the person providing the affidavit for the search warrant does not have to be the same person who requests the search warrant and does not have to be in the same class of persons as those who may request a search warrant.  See United States v. Johnson, 641 F.2d 652, 656 (9th Cir. 1980) ("Rule 41 sanctions a procedure under which a witness other than the requestor may supply the facts necessary to satisfy the probable cause requirement."); see also United States v. Sangineto-Miranda, 859 F.2d 1501, 1514 (6th Cir. 1988); United States v. Carra, 604 F.2d 1271, 1273 (10th Cir. 1979).  Accordingly, the fact that Agent Winkler provided the affidavit establishing probable cause is irrelevant because any person may provide probable cause.  The issue before us is whether Agent Winkler had the authority to request the search warrant.

Our supreme court has previously held valid search warrants obtained by law-enforcement officers without jurisdiction within the county where the property to be searched was located when the warrants were executed by law-enforcement officers having jurisdiction in the county.  See State v. Smith 868 S.W.2d 561, 572 (Tenn. 1993); State v. Pigford, 572 S.W.2d 921, 922 (Tenn. 1978); see also William J. Logan v. State, No. 03C01-9808-CR-00287, 1999 WL 1018187, at *4-6 (Tenn. Crim. App., Knoxville, Nov. 10, 1999).  In Pigford, an officer with the Federal Drug Enforcement Agency provided the affidavit for and requested a search warrant addressed to any peace officer in Shelby County, and in Smith, an officer with the Metropolitan Nashville Police Department provided the affidavit for and requested a search warrant addressed to any peace officer in Robertson County. See Pigford, 572 S.W.2d at 921; Smith, 868 S.W.2d at 572-73.  In both cases, the officers without jurisdiction in the county participated in the resulting search, but they were accompanied by officers with jurisdiction in the county.  See id.  Thus, the court found that the warrants were validly obtained and executed.  See id.  More recently, we found valid a search warrant issued for property in Hawkins County when the officer requesting the search warrant did not have jurisdiction in the part of Hawkins County where the property was located.  See William J. Logan, 1999 WL 1018187, at *6.  In addressing Tennessee Rule of Criminal Procedure 41(a), which allows a search warrant to be requested by "any other law-enforcement officer," we stated, "This language does not require that the request for the search warrant must be made by a law enforcement officer of the county where the search is to be conducted, only that the person be a law enforcement officer."  Id.

Relying on these cases, we hold that Agent Winkler had the authority to request the search warrant in this case.  Although Agent Winkler only had limited jurisdiction and authority to investigate drug offenses, he was still a law-enforcement officer.  The rule requires only that the requesting party be a law-enforcement officer.  See id.; Tenn. R. Crim. P. 41(a).  Moreover, the search warrant was directed to "any Peace Officer" of Montgomery County.  Although Agent

Winkler participated in the search, the search was also executed by members of the Special Operations Unit of the Clarksville Police Department. There is no challenge to their jurisdiction to execute the warrant. Accordingly, we conclude that Agent Winkler's participation in securing and executing the search warrant did not render the warrant invalid.

The Defendants also argue that the warrant was invalid because the affidavit did not contain sufficient information for the magistrate to determine the veracity of the confidential informant; thus, probable cause to search the residence was not established. When probable cause for a search is based upon information from a confidential informant, there must be a showing in the affidavit of both (1) the informant's basis of knowledge and (2) his or her veracity. See State v. Jacumin, 778 S.W.2d 430, 436 (Tenn. 1989). As we stated in State v. Moon, 841 S.W.2d 336 (Tenn. Crim. App. 1992),

> Under the first or "basis of knowledge" prong, facts must be revealed which permit the magistrate to determine whether the informant had a basis for his or her information that a certain person had been, was or would be involved in criminal conduct or that evidence of crime would be found at a certain place. Under the second or "veracity" prong, facts must be revealed which permit the magistrate to determine either the inherent credibility of the informant or the reliability of his information on the particular occasion.

Id. at 338. A conclusory allegation that the informant is reliable is insufficient; the affidavit must show "underlying circumstances from which the magistrate can conclude that the informant is credible or his information is reliable." Id. at 339. Also, independent police corroboration of the information provided by the informant may make up deficiencies in either prong. See id. at 341; Jacumin, 778 S.W.2d at 436.

The affidavit at issue in this case provided the following statement of facts in support of probable cause:

> A confidential informant, hereafter referred to as the CI, has made at least one purchase of methamphetamine from the above described residence within the last 72 hours. Prior to the purchase, the CI was searched by Agents of the Special Operations Unit, and no contraband was found on their [sic] person. The CI was then provided with law enforcement funds to purchase the methamphetamine. Before leaving your affiants [sic] presence, the CI was fitted with an electronic listening device. This equipment allowed your affiant and/or Agents of the Special Operations Unit to monitor any and all conversations involving the CI. . . . While on the property of 1864 Powell Rd., the CI purchased a white powered substance, that was represented to them [sic] as being methamphetamine. The CI also personally observed more methamphetamine, on the property of 1864 Powell Rd., which was packaged in a manner consistent to that which was purchased by the CI. Upon returning to your affiant the CI released custody of the white powdered substance to your affiant. A field test of a small portion of this substance tested positive for methamphetamine, a Schedule II controlled substance. Based on the preceding statement of facts, and also that the CI has told your affiant that the subjects at this

-5-

residence sell methamphetamine and marijuana on a regular basis, your Affiant believes that there is more methamphetamine stored on the property at this time. The CI has further proven their [sic] reliability by providing information about drug trafficking in the city of Clarksville that your affiant or other agents of the Special Operations Unit know to be true and accurate from independent investigations and corroboration.

We believe that this statement of facts adequately shows both the informant's basis of knowledge and his or her veracity. The basis of knowledge was established by the showing that the informant had purchased methamphetamine at the residence within 72 hours prior to the swearing of the affidavit. Although the statement regarding the reliability of the informant -- that the informant had proven to be reliable by providing information about drug trafficking which had been corroborated by independent investigations -- was somewhat conclusory, we find that the reliability of the information given in this case was substantiated by independent police corroboration. The information relied upon was the result of a controlled purchase. The informant was given money to purchase methamphetamine and he or she was monitored the entire time through an electronic listening device. Once the informant completed the transaction, the substance believed to be methamphetamine was turned over to the police. Thus, we conclude that the reliability of the informant's information was more than adequately established.

Accordingly, the order of the trial court suppressing the evidence obtained as a result of the search warrant is reversed. This case is remanded to the trial court for further proceedings consistent with this opinion.

_____
DAVID H. WELLES, JUDGE