IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 10, 2002

## STATE OF TENNESSEE v. RONNIE K. DANIEL AND JESSICA J. ECHOLS

**Direct Appeal from the Circuit Court for Williamson County
Nos. I-261-1200-A; I-261-1200-B    Donald P. Harris, Judge**

---

**No. M2001-03092-CCA-R3-CD - Filed November 22, 2002**

---

A Williamson County jury convicted the defendants of DUI, first offense. Defendant Daniel was sentenced to eleven months and twenty-nine days, all suspended except for 90 days incarceration. Defendant Echols' eleven-month and twenty-nine day sentence was suspended after 30 days incarceration. The sole issue on appeal is whether their sentences are excessive. We find the defendants failed to file their notices of appeal within 30 days of the trial court's orders overruling their motions for new trial; therefore, their appeal is dismissed.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

JOE G. RILEY, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and DAVID G. HAYES, JJ., joined.

J. Daniel Freemon, Lawrenceburg, Tennessee (on appeal), and Lee Ofman, Franklin, Tennessee (at trial), for the appellants, Ronnie K. Daniel and Jessica J. Echols.

Paul G. Summers, Attorney General and Reporter; Christine M. Lapps, Assistant Attorney General; Ronald L. Davis, District Attorney General; and Sharon E. Guffee, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The jury convicted both defendants of driving under the influence, first offense. Defendant Ronnie K. Daniel was driving when he and his passenger, defendant Jessica J. Echols, were involved in an automobile accident in Davidson County; they fled the accident scene. The driver of the other vehicle involved in the accident followed Daniel, who drove into Williamson County at an excessive speed. The proof established that while the vehicle was moving, the defendants changed positions, and Echols assumed control of the vehicle. Both defendants were under the influence of an intoxicant and were untruthful to the officer when they were stopped.

The trial court sentenced both defendants to eleven months and twenty-nine days. Defendant Daniel's sentence was suspended after 90 days incarceration; defendant Echols' sentence was suspended after 30 days incarceration. On appeal, both defendants claim their sentences are excessive.

## NOTICE OF APPEAL

Although the timely filing of the notices of appeal is not raised by the state, we note the following. The defendants were convicted and sentenced on June 15, 2001, with the judgments of conviction being entered on July 10, 2001. Timely motions for new trial were filed July 16, 2001. On September 17, 2001, defense counsel asked the trial court for additional time in which to file amended motions for new trial, although he stated he was not sure he would file amendments. He also indicated he would waive argument on the motions. The trial court granted the defendants an extension until October 15, 2001, to file their amended motions and advised counsel he could submit them to the court without argument. No amended motions were filed. The trial court entered orders on October 15, 2001, denying the motions for new trial, and noting the defendants and defense counsel failed to appear before the court.

On November 26, 2001, more than 30 days after entry of the orders, defense counsel filed petitions to reinstate defendants' bonds. Counsel stated in the petition that he did not complete his amended motions by October 15th and "left word" with the district attorney's office to call "if there was any problem with passing the Motion for New Trial to the next court date." He stated he received no response. The defendants did not move the trial court to set aside the orders overruling the motions for new trial.

On November 28, 2001, again more than thirty days after the trial court overruled their motions for new trial, the defendants filed amended motions for new trial. The trial court conducted a hearing and orally overruled the amended motions on November 30, 2001, noting the amended motions came too late. Defense counsel argued he had 30 days from the date the motions for new trial were overruled in which to file amended motions. The defendants filed their notices of appeal on December 6, 2001. In orders entered on December 13, 2001, and January 10, 2002, the trial court ruled it could not consider the amended motions because the original motions for new trial had previously been overruled. Thus, it is apparent the defendants' notices of appeal were filed well over 30 days after the entry of the October 15th orders overruling their motions for new trial.

The defendants' argument to the trial court that they had 30 days following the entry of the orders overruling their motions for new trial to file amended motions is in error. Amendments to a motion for new trial must be made prior to the date of the motion hearing. Tenn R. Crim. P. 33(b).

Notice of appeal must be filed "within 30 days after the date of entry of the judgment appealed from . . . ." Tenn. R. App. P. 4(a). However, the timely filing of a notice of appeal is not

jurisdictional in a criminal case and may be waived in the interest of justice. *Id*; State v. Powell, 53 S.W.3d 258, 260 (Tenn. Crim. App. 2000).

The defendants were several weeks late in filing their notices of appeal. They have asserted no basis for this court to conclude it should excuse the untimely filing in the interest of justice. Further, we have thoroughly reviewed the record related to the trial court's sentencing determinations and considered defendants' arguments set forth in their brief. We find no basis for concluding the interest of justice requires us to waive the requirement of timely notices of appeal. *See* Michael M. Taylor v. State, No. M2000-03205-CCA-R3-PC, 2002 Tenn. Crim. App. LEXIS 80, at *4 (Tenn. Crim. App. Jan. 31, 2002, at Nashville), *perm. to app. denied* (Tenn. 2002); State v. Cleotha Nash, No. 02CO1-9701-CC-00026, 1998 Tenn. Crim. App. LEXIS 198, at *3-4 (Tenn. Crim. App. Feb. 18, 1998, at Jackson), *perm. to app. denied* (Tenn. 1998).

Misdemeanor sentencing is designed to provide the trial court with more flexibility than in felony sentencing. State v. Troutman, 979 S.W.2d 271, 273 (Tenn. 1998). In State v. Combs, a panel of this court concluded that Tennessee Code Annotated section 55-10-403(c) "in effect, *mandates a maximum sentence* for DUI, with the only function of the trial court being to determine what period above the minimum period of incarceration established by statute, if any, is to be suspended." 945 S.W.2d 770, 774 (Tenn. Crim. App. 1996) (emphasis added). Considering the facts and circumstances of this case and the defendants' background, the interest of justice does not require the waiving of the timely filing of the notices of appeal relative to sentencing concerns. The appeal is dismissed.

_____
JOE G. RILEY, JUDGE