IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
July 10, 2007 Session

**ALLEN JEAN STEPHENS v. STATE OF TENNESSEE**

**Direct Appeal from the Circuit Court for Weakley County**
**No. CR82-2006    William B. Acree, Jr., Judge**

---

**No. W2006-02773-CCA-R3-PC  - Filed October 3, 2007**

---

A Weakley County Circuit Court jury convicted the petitioner, Allen Jean Stephens, of possession of more than one-half gram of cocaine with intent to sell and possession of drug paraphernalia, and the trial court sentenced him as a Range III, persistent offender to an effective sentence of twenty-three years in confinement. This court affirmed the petitioner's convictions. See State v. Allen Jean Stephens, No. M2004-00531-CCA-R3-CD, 2005 Tenn. Crim. App. LEXIS 668 (Jackson, June 23, 2005), perm. to appeal denied, (Tenn. 2005). Subsequently, the petitioner filed a petition for post-conviction relief, and the post-conviction court denied the petition after an evidentiary hearing. On appeal, the petitioner contends that he received the ineffective assistance of counsel because his trial attorney failed to argue at his pretrial suppression hearing that no probable cause existed for a search warrant to be issued for his home and failed to argue on direct appeal that the trial court did not make a necessary finding of fact regarding the motion to suppress. Based upon the record and the parties' briefs, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID G. HAYES and THOMAS T. WOODALL, JJ., joined.

Robert Brooks, Memphis, Tennessee, for the appellant, Allen Jean Stephens.

Robert E. Cooper, Jr., Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; Thomas A. Thomas, District Attorney General; and Kevin McAlpin, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

On appeal, this court stated the following facts:

Lieutenant Sammy Liles with the Martin Police Department met with DeAndre Butler, a confidential informant, around noon on July 11, 2003. Lieutenant Liles searched Mr. Butler and his vehicle, furnished him a wireless transmitter, and gave him $200.00 marked money with which to purchase cocaine from Defendant. Lieutenant Liles followed Mr. Butler as he drove to Defendant's house. Mr. Butler exited his vehicle and knocked on Defendant's front door. Mr. Butler completed the purchase transaction, and he and Lieutenant Liles drove back to their meeting place. Lieutenant Liles searched Mr. Butler and his vehicle, and Mr. Butler gave Lieutenant Liles the cocaine he had purchased from Defendant.

Lieutenant Liles secured a search warrant for Defendant's person and his residence based on the drug sale to Mr. Butler. He and other police officers arrived at Defendant's house around 5:20 p.m. on July 11, 2003. Defendant was standing in the front yard when the officers arrived. A search of Defendant's person revealed approximately $750.00 in Defendant's back pocket. Lieutenant Liles confirmed that a portion of the cash ($150.00) was a part of the marked bills that had been given to Mr. Butler to purchase drugs from Defendant. Inside Defendant's house, Lieutenant Liles found 1.5 grams of cocaine, approximately $1,300.00 in the pocket of one of Defendant's shirts, and three small baggies similar to those used to package drugs for sale.

On cross-examination, Lieutenant Liles said that Mr. Butler was sent to purchase an "8-ball" of cocaine from Defendant, an amount which generally weighs in excess of three grams, or approximately one-eighth of one ounce.

Patty Choatie, a forensic scientist with the Tennessee Bureau of Investigation's crime laboratory, testified that the substance which Mr. Butler purchased from Defendant was crack cocaine and weighed 1.6 grams. Ms. Choatie confirmed that the substance found in Defendant's house was also crack cocaine and weighed 1.5 grams.

Stephens, No. M2004-00531-CCA-R3-CD, 2005 Tenn. Crim. App. LEXIS 668, at **2-4.

After this court affirmed the petitioner's convictions and the supreme court denied his application for permission to appeal, the petitioner's post-conviction counsel filed a timely petition for post-conviction relief, claiming that the petitioner received the ineffective assistance of counsel at trial and on direct appeal. First, the petition claimed that trial counsel was ineffective because he failed to allege the proper grounds to support the pretrial motion to suppress the evidence.

Specifically, the petition claimed that counsel should have argued in the motion that a one-time drug buy at the petitioner's home did not establish probable cause to issue a search warrant. Second, the petition claimed that trial counsel was ineffective because he did not argue on direct appeal that the trial court, when ruling on the petitioner's motion to suppress, failed to make a necessary finding of fact in violation of Tennessee Rule of Criminal Procedure 12(e). Specifically, the petition claimed that the trial court failed to determine whether the petitioner had been properly served with a copy of the search warrant as required by Tennessee Rule of Criminal Procedure 41(c).

At the evidentiary hearing, the petitioner's trial attorney was the only witness to testify. He said he represented the petitioner at trial and on direct appeal. Post-conviction counsel's entire questioning on direct examination continued as follows:

Q. Okay. You filed a motion to suppress at the trial court; is that correct?

A. Yes, sir.

Q. Did you include all the issues that you felt were -- legitimate issues in that motion?

A. I did.

Q. Okay. And then you -- you presented evidence in support of those issues?

A. I did.

Q. Okay. You argued to the -- to the trial court what you felt were the -- were the appropriate issues as far as suppression goes?

A. Yes, sir.

Q. And then you raised on appeal what you felt were the appropriate issues as far as the suppression goes?

A. That's correct.

Q. Did the defendant have any influence on what issues you chose, other than advising you of the facts of the case?

A. I probably listened to what Allen had to say. I probably listened to what Allen had to say.

Q. Okay. But basically, you made the decision as an attorney --

A. That's correct.

Q. -- what issues should be raised and what issues shouldn't?

A. Yes, sir.

Post-conviction counsel did not question trial counsel further but introduced into evidence the direct appeal briefs filed in this court by the petitioner and the State; the affidavit filed by Lieutenant Liles to obtain the search warrant; the resulting search warrant issued for the petitioner's home; the petitioner's pretrial motion to suppress filed in the trial court; and a transcript of the suppression hearing, including the trial court's oral ruling on the motion.

On cross-examination, counsel testified that Lieutenant Liles "wired" the confidential informant and had the informant buy some cocaine from the petitioner at the petitioner's home. The petitioner was not charged with a crime for selling drugs to the informant on that particular occasion. However, based upon the drug buy, Lieutenant Liles alleged in an affidavit that the informant had been inside the petitioner's house and had seen drugs there, which counsel believed was "patently misleading." Counsel filed a motion to suppress the evidence found during the search of the petitioner's home. Counsel acknowledged that at the suppression hearing, he introduced proof that the drug buy actually occurred at the petitioner's front door and that the informant never went inside the petitioner's house. Counsel also argued at the suppression hearing that the petitioner did not receive a copy of the search warrant until after he had been taken to jail. Counsel stated that "maybe I should have expanded that argument a little more. But I was confined to what I thought I needed to focus in on, and that was on what I perceived to be misrepresentation made by Lieutenant L[i]les to the General Sessions judge." Counsel acknowledged that the trial court overruled his motion to suppress and that this court affirmed the trial court. Counsel acknowledged that he believed an officer's witnessing a drug buy at a home would establish probable cause to obtain a search warrant for the home.

In its written order denying post-conviction relief, the post-conviction court ruled that the two issues raised in the petition had been previously determined, stating that "the trial court considered all factors and evidence and concluded that the search warrant was properly issued, and the search was properly conducted. The trial court also made findings of fact on the record as to the reasons for denying the motion to suppress." The post-conviction court noted that this court addressed the trial court's findings in its opinion of the petitioner's direct appeal and that this court concluded the trial court's findings were sufficient. The post-conviction court also stated that even if the issues were not previously determined, "the search warrant was properly issued and that the search was valid." The court concluded that the petitioner did not receive the ineffective assistance of counsel.

## II. Analysis

-4-

The petitioner first contends that the issues raised in his petition were not previously determined because they were raised in the context of an ineffective assistance of counsel claim. He contends that the single drug sale in this case was not enough to establish probable cause to obtain the search warrant and that he was prejudiced by counsel's failure to raise this argument at the suppression hearing because it would have resulted in the trial court's granting his motion to suppress. He also contends that he received the ineffective assistance of counsel on direct appeal because counsel failed to argue that the trial court did not make a factual determination as to whether the petitioner properly received a copy of the search warrant. The State argues that the petitioner's claims are a "thinly veiled attempt" to relitigate the probable cause issue and, therefore, that the post-conviction court properly concluded the issues had been previously determined. The State also argues that, in any event, a single drug buy can establish probable cause. The State's brief does not address the petitioner's contention that counsel should have raised on direct appeal the trial court's failure to make a factual determination regarding whether the petitioner properly received a copy of the search warrant as required by Tennessee Rule of Criminal Procedure 41(c).

To be successful in a claim for post-conviction relief, the petitioner must prove all factual allegations contained in the post-conviction petition by clear and convincing evidence. See Tenn. Code Ann. § 40-30-110(f). "'Clear and convincing evidence means evidence in which there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" State v. Holder, 15 S.W.3d 905, 911 (Tenn. Crim. App. 1999) (quoting Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 n.2 (Tenn. 1992)). Issues regarding the credibility of witnesses, the weight and value to be accorded their testimony, and the factual questions raised by the evidence adduced at trial are to be resolved by the post-conviction court as the trier of fact. See Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997). Therefore, we afford the post-conviction court's findings of fact the weight of a jury verdict, with such findings being conclusive on appeal absent a showing that the evidence in the record preponderates against those findings. Id. at 578.

A claim of ineffective assistance of counsel is a mixed question of law and fact. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). We will review the post-conviction court's findings of fact de novo with a presumption that those findings are correct. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001). However, we will review the post-conviction court's conclusions of law purely de novo. Id.

"To establish ineffective assistance of counsel, the petitioner bears the burden of proving both that counsel's performance was deficient and that the deficiency prejudiced the defense." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984)). In evaluating whether the petitioner has met this burden, this court must determine whether counsel's performance was within the range of competence required of attorneys in criminal cases. See Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975).

Initially, we note that this is the petitioner's first post-conviction petition and that he did not raise an ineffective assistance of counsel claim on direct appeal. Moreover, the specific issues underlying the petitioner's ineffective assistance of counsel claim were never raised on direct appeal.

Therefore, we disagree with the post-conviction court's conclusion that the petitioner's claims have been previously determined. See Tenn. Code Ann. § 40-30-106(h); Diallo J. Lauderdale v. State, No. W2005-02135-CCA-R3-PC, 206 LEXIS 866, at *18 (Jackson, Nov. 7, 2006).

That said, although a petitioner is not required to prove any claim in his petition for post-conviction relief, he is required to prove his claims by clear and convincing evidence at an evidentiary hearing. In this case, post-conviction counsel's questioning of its sole witness was inadequate. Post-conviction counsel asked trial counsel only scant leading questions about the motion to suppress issue and completely failed to question trial counsel about the petitioner's claim that he did not properly receive a copy of the search warrant. Therefore, we could treat the petitioner's issues as waived.

Nevertheless, we can conclude from the remainder of the post-conviction record that the petitioner is not entitled to relief. As for the petitioner's claim that a single drug buy is not sufficient to establish probable cause for a search warrant, we disagree. Under both the Tennessee and United States Constitutions, a search warrant may be issued only upon probable cause, which has been defined as "a reasonable ground for suspicion, supported by circumstances indicative of an illegal act." State v. Henning, 975 S.W.2d 290, 294 (Tenn. 1998). The petitioner's selling cocaine to an informant while standing in the doorway of his home is an illegal act. Moreover, this court has upheld findings of probable cause based upon a defendant's one-time drug sale to an informant. As this court described in State v. Linda Kay Batts, No. W2006-00419-CCA-R3-CD, 207 Tenn. Crim. App. LEXIS 286, at **26-27 (Jackson, Apr. 4, 2007),

> In both State v. Powell, 53 S.W.3d 258, 263 (Tenn. Crim. App. 2000), and the more recent case of State v. Wanda Booker, No. M2005-02788-CCA-R3-CD, 2006 WL 3498085, at *2 (Tenn. Crim. App., at Nashville, Nov. 21, 2006) (no Tenn. R. App. P. 11 application filed), this Court addressed analogous situations. In Powell, as in the present case, probable cause was based on a single drug purchase which occurred within seventy-two hours of the issuance of the search warrant. Powell, at 263. The affiant facilitated the controlled buy of a small amount of methamphetamine and monitored the entire event using an wiretap worn by the informant. Id. In Booker, probable cause for a warrant was based on a single controlled buy of an unspecified quantity of crack cocaine. Booker, 2006 WL 3498085, at *1. The buy occurred within ninety-six hours of the issuance of the warrant. In that case, the affiant also facilitated the buy and monitored the buy using a wiretap worn by the informant. Id. In both Powell and Booker, this Court concluded that independent police corroboration provided sufficient support to satisfy the two-pronged analysis for establishing probable cause for a search

warrant with information provided by a criminal informant.  <u>Powell</u>,
at 263; <u>Booker</u>, 2006 WL 3498085, at *2.

A single drug sale is a crime and can establish probable cause for obtaining a search warrant. Therefore, the petitioner was not prejudiced by trial counsel's failure to raise this issue in the motion to suppress.

As for the petitioner's claim that trial counsel was ineffective because he failed to raise on direct appeal that the trial court should have made a determination as to whether the petitioner properly received a copy of the search warrant as required by Tennessee Rule of Criminal Procedure 41(c), we again conclude that the petitioner is not entitled to relief.  Trial counsel did not raise this issue in the petitioner's written motion to suppress.  However, our review of the suppression hearing transcript reveals that counsel questioned the witnesses about it.  Lieutenant Liles testified that he left a copy of the warrant with the petitioner and either "actually handed it to him or left it on his table while he was sitting there."  The petitioner testified that he did not receive a copy of the warrant until a jailer gave him a copy in jail.  Upon conclusion of this testimony, the defense argued to the trial court that the evidence should be suppressed because Lieutenant Liles incorrectly stated in his affidavit to obtain the search warrant that the drug buy had taken place inside the petitioner's home and that the evidence also should be suppressed because Lieutenant Liles did not leave a copy of the warrant with the petitioner at his home.  In denying the motion, the trial court stated that it was "satisfied that the search warrant is in accordance with the law" and that "it does not make any difference whether or not the buy described in the warrant was made at the door of the house or inside of the door."  Although the court did not expressly state that the petitioner had properly received a copy of the warrant, the trial court obviously believed Lieutenant Liles' testimony over that of the petitioner and concluded that the officer gave the petitioner a copy of the warrant in accordance with Tennessee Rule of Criminal Procedure 41(c).  Moreover, the judge at the post-conviction hearing, who also presided at trial, stated in his order denying post-conviction relief that "the search warrant was properly issued and . . . the search was valid."  In our view, the post-conviction court again concluded that the petitioner properly received a copy of the search warrant. Therefore, the petitioner has failed to demonstrate that he was prejudiced by counsel's failure to raise this issue on direct appeal.  The post-conviction court properly denied the petition for post-conviction relief.

### III.  Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE