# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
November 13, 2013 Session

## STATE OF TENNESSEE v. MICHAEL A. TALLEY

**Direct Appeal from the Circuit Court for Maury County**
**No. 21635     Stella L. Hargrove, Judge**

**No. M2013-00490-CCA-R3-CD - Filed January 24, 2014**

This is an appeal as of right by the State after dismissal of charges following the trial court's order which granted the motion to suppress evidence filed by Defendant, Michael A. Talley. The evidence which was ultimately suppressed had been seized pursuant to a search warrant. Defendant's motion asserted that the affidavit filed in support of the issuance of the search warrant lacked probable cause to justify the search. Following a hearing, the trial court took the matter under advisement. Ultimately the trial court entered an order granting the motion to suppress and subsequently entered an order which dismissed the cases in Docket No. 21635 in the Circuit Court of Maury County "[d]ue to suppression of the evidence." After a thorough review of the law and the entire record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel Harmon, Assistant Attorney General; T. Michel Bottoms, District Attorney General; and Brent Cooper, Assistant District Attorney General, for the appellant, State of Tennessee.

Claudia S. Jack, District Public Defender; and Robin Farber, Assistant Public Defender, Columbia, Tennessee, for the appellee, Michael A. Talley.

# OPINION

## Background

The Maury County Grand Jury returned a three-count indictment in Docket No. 21635 that charged Defendant with the following criminal offenses:

> Count 1: Felonious sale, on April 12, 2012, of marijuana in an amount not less than one-half ounce within one thousand feet of a school;

> Count 2: Possession with intent to sell, on April 13, 2012, of more than one-half ounce of marijuana within one thousand feet of a school.

> Count 3: Possession, on April 13, 2012, of drug paraphernalia.

Counts 2 and 3 resulted from a search of a residence located at 1182 Trotwood Avenue in Columbia. The record does not definitively state the incident which led to the charges in Count 1, but the affidavit filed in support of issuance of a search warrant states that within seventy-two (72) hours of the making of the affidavit, a confidential informant "made a controlled purchase of a felony amount of marijuana from a male subject at 1182 Trotwood Avenue in Columbia, TN." Whether or not that statement in the affidavit references the charge against Defendant in Count 1, there is no question that Defendant's motion to suppress did **not** pertain to any evidence of the indicted charge for sale of marijuana.

On April 13, 2012, Agent David Stanfill of the Maury County Sheriff's Drug Unit applied for the search warrant to search the premises of 1182 Trotwood Avenue in Columbia. The application for search warrant contains a section designated as "Statement of Facts in Support of Probable Cause." Agent Stanfill represented that he had fifteen years experience as a law enforcement officer, including nine years as a narcotics investigator. He also stated that he had participated in the execution of more than one hundred search warrants in narcotics trafficking cases. Agent Stanfill's affidavit set forth the pertinent relevant facts specifically applying to the residence at 1182 Trotwood Avenue in a single paragraph. However, for clarity of the content of the affidavit as it relates to whether probable cause was established for a search of those premises, we will set forth the allegations as a list of each sentence contained therein:

> Within the past 72 hours officers did make a controlled purchase of a felony amount of marijuana from a male subject at 1182 Trotwood Avenue in Columbia, TN.

Officers met with a cooperating individual (known as C.I. from here on).

The C.I. was searched and the C.I.'s vehicle was searched for contraband and nothing was found.

The C.I. was then fitted with a digital recording device and given an amount of money to purchase the marijuana.

The C.I. was then followed to 1182 Trotwood Ave. where the transaction was to occur.

The C.I. was seen entering the downstairs apt. marked 1182 on the left side of the door. The C.I. was seen exiting the apartment a short time later and got back into their [sic] vehicle and leave.

The C.I. was then followed back to a predetermined location where the C.I. turned over the felony amount of marijuana to your affiant.

The C.I. and the C.I.'s vehicle were searched again for contraband and nothing was found.

The C.I. was followed by law enforcement officers to and from 1182 Trotwood Ave. and made no other[] stops.

There was no testimony presented at the suppression hearing. Arguments of counsel for both parties properly focused entirely on the language within the "four corners" of the search warrant. Defendant's motion to suppress was based upon what he asserted to be two general defects in the search warrant and affidavit. First, Defendant argued the search warrant was invalid because it did not properly specify the address of the premises to be searched. The trial court found no merit in this issue, and Defendant has not cross-appealed this ruling in the State's appeal of the granting of the motion to suppress based upon Defendant's second issue. Accordingly, we will not further discuss this issue.

Second, Defendant asserted, and the trial court agreed, that the evidence seized during the April 13, 2013, search must be suppressed because the affidavit failed to provide sufficient evidence of the veracity and basis of knowledge of the confidential informant. Specifically, the trial court made the following findings and conclusions in its order granting the motion to suppress:

It is Defendant's position that the Affidavit demonstrates neither the basis of knowledge nor the reliability or veracity of the C.I.'s information. It merely states that the C.I. was wired and turned over a felony amount of marijuana to the officers. There is no description in the Affidavit of the person from whom the marijuana was purchased. There is nothing in the Affidavit as to whether the C.I. knew the Defendant. There is nothing in the Affidavit as to whether one or more persons were present in the residence. There is nothing in the Affidavit as to where in the residence the buy actually took place. There is nothing in the Affidavit as to whether the wire was monitored by law enforcement or whether law enforcement learned something from the recording after the alleged buy, leading to grounds for a search warrant. The affidavit merely states that the CI. was fitted with a digital recording device. There is nothing in the Affidavit as to any field test of the marijuana handed over by the C.I. or documentation as to training and experience the officers had in identifying marijuana. There is nothing in the Affidavit as to what information the C.I. might have relative to additional marijuana in the residence.

It appears to be the State's position that since the C.I. entered and exited 1182 Trotwood Avenue and turned over marijuana to officers, it must be the Defendant who sold the marijuana and there must be more marijuana at the residence. There is absolutely nothing in the Affidavit to vouch for the reliability or credibility of any information given by the C.I. There is absolutely nothing in the Affidavit to demonstrate the basis of knowledge of the C.I. Indeed, the Affidavit contains no information either given by the C.I. or knowledge known by the C.I. The Court finds there is nothing in the Affidavit beyond conclusory allegations.

The Court finds that the two prongs of *Aguilar-Spinelli* are not satisfied and grants Defendant's Motion to Suppress. Independent police corroboration fails to provide sufficient support to satisfy the two-pronged analysis for the cooperating individual's veracity and basis of knowledge.

The State presents one legal argument in support of its appeal. The State acknowledges that the "*Aguilar-Spinelli*" test adopted in *State v. Jacumin*, 778 S.W.2d 430, 436 (Tenn. 1989) provides that: (1) an affidavit submitted in support of issuance of a search warrant must state probable cause to believe that the substances sought to be seized by the search warrant were located at the place to be searched at the time the warrant was issued; and (2) the affidavit must provide sufficient information to establish the veracity and basis of knowledge of the informant. *Id*. (citing *Aguilar v. Texas*, 378 U.S. 108 (1964) and *Spinelli*

-4-

*v. United States*, 393 U.S. 410 (1969). However, in its brief on appeal, the State also argues the following position as its basis for appellate relief:

> However, the *Aguilar-Spinelli* test *does not apply to this case* because the probable cause was not based on information provided by the C.I. Instead, it was established solely by the affiant's [Agent Stanfill] personal observations and monitoring during the purchase. (emphasis *added*)

The State further relies on the following language from *State v. Moon*, 841 S.W.2d 336 (Tenn. Crim. App. 1992),

> [T]he reliability of the investigating officer/affiant may be presumed by a magistrate, as may be the reliability of other investigating officers upon whom the affiant relies [citation omitted]. Thus, no special showing of reliability is necessary when the information comes from such an officer.

*Id.*, at 338, n. 1.

The State correctly points out that the veracity of an officer affiant does not have to be independently established in the affidavit. However, what the State fails to recognize or acknowledge is that the other requirements of *Jacumin*, that the affidavit must establish probable cause to believe that the contraband to be searched for is actually located at the premises to be searched at the time the search warrant is issued, is not dispensed with simply because the affiant is a police officer.

This court has succinctly stated that,

> To establish probable cause an affidavit must set forth facts from which a reasonable conclusion may be drawn that the evidence will be found in the place for which the warrant authorizes a search. *State v. Vann*, 976 S.W.2d 93, 105 (Tenn. 1998); *State v. Longstreet*, 619 S.W.2d 97, 99 (Tenn. 1981).

*State v. Hayes*, 337 S.W.3d 235, 256 (Tenn. Crim. App. 2010).

Relying solely upon the unpublished opinion of *State v. Linda K. Batts*, No. W2006-00419-CCA-R3-CD, 2007 WL 1015444, at *9 (Tenn. Crim. App. April 4, 2007), the State argues "A single drug transaction can establish probable cause." The State goes on to argue in its brief,

The affiant alone, Agent David Stanfill, provided the necessary probable cause to obtain a search warrant because it was based on his observations during the controlled purchase with no reliance on information from the C.I., or the C.I.'s observations. Therefore, the C.I.'s "basis of knowledge" and "veracity" are not at issue, and the two-prong *Aguilar-Spinelli* test is not triggered.

The State asserts that for the purpose of establishing probable cause, it does not matter that Agent Stanfill did not disclose what, if anything, was recorded on the digital recording equipment that was fitted on the C.I. Also, the State argues that the failure of Agent Stanfill to field test the marijuana brought to him by the C.I. does not negate probable cause to search the premises at 1182 Trotwood Avenue in Columbia. The summary of alleged facts shown in the affidavit, according to the State's theory on appeal, is set forth in its brief as follows:

> The affidavit reflects that Agent Stanfill orchestrated the controlled purchase and monitored its progress; the controlled purchase occurred within 72 hours of the request for a search warrant; the C.I. was searched prior the purchase; the C.I. *returned from the defendant's residence* with marijuana; and the C.I. was again searched after the controlled purchase. (I, 7-8). Thus, the affidavit contains the requisite probable cause that the C.I. obtained the marijuana *from the Defendant's residence* and sufficiently established *that evidence of a crime would be found there*.

(emphasis added)

We emphasized portions of the State's argument because they are highly relevant to our analysis and the ultimate disposition of this case. In its appeal, the State has framed the issue and legal theory for relief in its argument. Accordingly we shall limit our analysis to the issue and legal theory presented on appeal.

**Analysis**

As relevant to our disposition in this appeal, we are guided by our supreme court's opinion in *State v. Saine*, 297 S.W.3d 199 (Tenn. 2009). In *Saine* the court set forth the applicable law as follows:

> A sworn and written affidavit containing allegations from which a magistrate may determine whether probable cause exists is an "indispensable prerequisite" to the issuance of a search warrant. *State v. Henning*, 975 S.W.2d 290, 294 (Tenn. 1998). The affidavit must present

facts from which a "'neutral and detached magistrate, reading the affidavit in a common sense and practical manner'" may determine the existence of probable cause for issuance of the search warrant. [citations omitted]. "To ensure that the magistrate exercises independent judgment, the affidavit must contain more than mere conclusory allegations by the affiant." *Henning*, 975 S.W.2d at 294.

To establish probable cause, the affidavit must show a nexus among the criminal activity, the place to be searched, and the items to be seized. *State v. Reid*, 91 S.W.3d 247, 273 (Tenn. 2002); *State v. Smith*, 868 S.W.2d 561, 572 (Tenn. 1993). In determining whether the nexus has been sufficiently established, we "consider whether the criminal activity under investigation was an isolated event or a protracted pattern of conduct [,] . . . the nature of the property sought, the normal inferences as to where a criminal would hide the evidence, and the perpetrator's opportunity to dispose of incriminating evidence." [citations omitted]

In determining whether probable cause supports the issuance of a search warrant, reviewing courts may consider only the affidavit and may not consider other evidence provided to or known by the issuing magistrate or possessed by the affiant.

*Saine*, 297 S.W.3d at 205-06.

We have previously set forth herein, sentence by sentence, the facts given by Agent Stanfill in his affidavit, which the State submits provides the probable cause necessary to justify the issuance of a search warrant for 1182 Trotwood Avenue in Columbia. The affidavit does not provide a name or any physical description (age, race, hair description, height, weight, etc.) of the "male subject" at 1182 Trotwood Avenue. The affidavit does not state that the "male subject" is Defendant. Likewise, the affidavit does not state that either the "male subject" nor Defendant resides at, frequents, occasionally spends the night or has any other attachment to the premises of 1182 Trotwood Avenue, beyond the fact that the unidentified and undescribed "male subject" was inside the premises of 1182 Trotwood Avenue for a "short time" sometime within 72 hours (three days) before the search warrant was issued. Furthermore, if we accept the State's invitation to consider only what Agent Stanfill observed "with no reliance on information from the C.I., or the C.I.'s observations," (State's brief, p. 8), we must not even consider that the person who allegedly provided the "felony amount of marijuana" was a "male subject." From a plain reading of the affidavit, Agent Stanfill never saw any person in or around 1182 Trotwood Avenue other than the C.I.

Thus, the fact that a "male subject" sold the marijuana to the C.I. could *only* have been obtained by information from the C.I. based upon the C.I.'s observations.

Furthermore, the affidavit fails to state who owns the premises of 1182 Trotwood Avenue, or who rents it or pays for any utilities for the premises. In fact, relying solely upon Agent Stanfill's observations, as the State argues we should do, there is nothing to suggest in the affidavit that 1182 Trotwood Avenue was at the time being used as a residence. Directions to the address to be searched contained in the warrant notes that 1182 Trotwood Avenue is a downstairs apartment to a house that sits on a corner of two streets, with the upstairs portion having an address of 96 Westover Drive. However, this information leaves to speculation as to whether the apartment was used as a residence at the time the search warrant was issued.

The emphasized portion of the State's argument reveals factual allegations in the State's argument that simply were not set forth anywhere within the affidavit. Nowhere therein is it mentioned, nor can it be inferred, that Defendant, or for that matter anybody else, resides at 1182 Trotwood Avenue. Therefore, there is nothing to even hint that marijuana was still located inside 1182 Trotwood Avenue at the time the search warrant was issued. Essentially, all that can be gleaned solely from Agent Stanfill's observations are that:

> (1) A C.I. was met by officers, and the C.I. and the C.I.'s vehicle were searched and no contraband was found.

> (2) The C.I. was fitted with a digital recording device and was given "an amount of money" to purchase marijuana. If anything was recorded, it was not divulged to the magistrate by Agent Stanfill.

> (3) The officers followed the C.I. to 1182 Trotwood Avenue.

> (4) The C.I. got out of his vehicle and entered the premises of 1182 Trotwood Avenue. A short time later the C.I. exited 1182 Trotwood Avenue returned to the C.I.'s vehicle, and drove away.

> (5) Officers followed the C.I. to a predetermined location where the C.I. gave a "felony amount" of marijuana to Agent Stanfill. The C.I. and his vehicle were again searched and no contraband was found. Apparently there was not a search of the C.I. or his vehicle, for money, either before or after the C.I.'s trip to 1182 Trotwood Avenue.

(6) Officers continually observed the C.I. when the C.I. was traveling to and from 1182 Trotwood Avenue, and the C.I. and made no stops along the way either time.

As noted above, the State asserts that "A single drug transaction can establish probable cause" in support of its argument that the above delineated facts justified issuance of the search warrant in this case and cites *State v. Linda Kay Batts* as authority. We now examine the unpublished case of this court which the State relies upon. We first acknowledge that *Linda Kay Batts* was a unanimous opinion of a panel of this court and was authored by the same judge who authors the opinion in the case *sub judice*. As an unpublished opinion, it is only persuasive authority. Rule of the Supreme Court of the State of Tennessee 4(G)(1). Thus, the analysis in *Linda Kay Batts* can be readily rejected under appropriate circumstances.

After review, we herein reject the analysis in *Linda Kay Batts*. Consequently, based upon our review of *Linda Kay Batts*, we also reject the State's interpretation of that case's holding. *Linda Kay Batts* should not have been written to be as broadly interpreted in the manner asserted by the State. In *Linda Kay Batts* the critical issue was whether police corroboration was sufficient to cure any deficiencies in the information detailing an informant's basis of knowledge and veracity. 2007 WL 1015444, at *9. It is correct that the panel in *Linda Kay Batts* relied upon two cases, and stated that in each case probable cause was based on a single drug purchase. Our present review of those cases leads us to conclude that to the extent *Linda Kay Batts* is interpreted to imply that all that is required to establish probable cause to search a residence is "a single drug transaction," it should be overruled.

The cases relied upon in *Linda Kay Batts* were, (1) *State v. Powell*, 53 S.W.3d 258, 263 (Tenn. Crim. App. 2000) about which the panel in *Linda Kay Batts* said "probable cause was based on a single drug purchase which occurred within seventy-two hours of the issuance of the search warrant;" and (2) *State v. Wanda Booker*, No. M2005-02788-CCA-R3-CD, 2006 WL 3498085, at *1 (Tenn. Crim. App., Nov. 21, 2006), about which the *Linda Kay Batts* panel stated "probable cause for a warrant was based on a single controlled buy of an unspecified quantity of crack cocaine." *Linda Kay Batts*, 2007 WL 1015444, at *9.

In *Powell*, as relevant to the case *sub judice*, one of the grounds used to grant defendant's motion to suppress evidence seized pursuant to a search warrant was that "the affidavit did not show the credibility of the confidential informant." *Powell*, 53 S.W.3d at 260. This court held that both the informant's basis of knowledge, and the informant's veracity were established by police corroboration of a controlled purchase of methamphetamine. *Id*. at 263. *Powell* is inapplicable to the case *sub judice* because the State basically concedes that no information from or observations made by the C.I. can be

considered to establish probable cause. In any event, in *Powell* the affidavit stated that the C.I. "personally observed more methamphetamine, on the property [searched], which was packaged in a manner consistent to that which was purchased by the C.I." *Powell*, 53 S.W.3d at 263. In *Powell*, this court did not in any fashion hold that all that is required to establish probable cause to search a residence is a single drug transaction. Similarly, the opinion in *Wanda Booker* does not hold that a single drug transaction, by itself, can always establish probable cause to justify issuance of a search warrant. The issue in *Wanda Booker* was whether the trial court erred in granting a motion to suppress evidence because "the search warrant failed to state any facts which would have provided the magistrate a basis in which to determine the inherent credibility of the confidential informant." *Wanda Booker*, 2006 WL 3498085, at *1. The panel of this court in *Wanda Booker* concluded that any deficiencies in the facts concerning the confidential informant's basis of knowledge and veracity were cured by independent police corroboration, which was the observations made by police officers during a controlled drug purchase, and not the mere fact a drug transaction was made.

In the *Linda Kay* Batts opinion, the panel of this court incorrectly described the relevant holds of *Powell* and *Wanda Booker*. There is no holding in either case which lends any authority to the argument that "a single drug transaction can establish probable cause" in the sense that *any* single drug transaction, no matter the circumstances, can always provide probable cause to justify issuance of a search warrant. To the extent *Linda Kay Batts* may imply that proposition, it should be rejected and overruled.

Examination of the affidavit in this case in the manner and method relied upon by the State, we conclude that it was woefully inadequate to establish probable cause, due to the failure to supply necessary information as detailed herein. Consequently, the State's appeal is without merit.

The judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE

-10-